No. 9646.

SANSBERRY ET AL. *v.* LORD ET AL.

SHERIFF'S SALE.—*Sale of Real Estate of Debtor After Conveyance.*—A sheriff's sale of real estate, after the same has been conveyed by the debtor to his vendee, is not invalid simply because the debtor had other real and personal property of sufficient value to satisfy the execution.

SAME.—*Right of Vendee to Have Other Property of Execution Defendant Exhausted.*—In such case the vendee, if he requests it, is entitled to an order requiring the officer to first exhaust the property of the debtor, but the sale of the property is not invalid in the absence of such order.

From the Madison Circuit Court.

*J. W. Sansberry* and *M. A. Chipman,* for appellants.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

BEST, C.—This action was brought by the appellees against the appellants, to set aside a sheriff's sale of a quarter section of land in Madison county, Indiana.

A demurrer for the want of facts was overruled to the complaint and this ruling presents the only question in the record.

The facts averred are briefly these : That James W. Sansberry, one of the appellants, recovered a judgment in the

Madison Circuit Court, on the 10th day of March, 1875, against James McGraw, William C. Flemming, William R. Myers and William Roach; that McGraw was the principal and the other parties were sureties in said judgment, as shown by the record; that William C. Flemming owned the land sold by the sheriff after the rendition of the judgment, and that he conveyed it by warranty deed to one Ann C. Allen, who devised it to the appellees; that thereafter James W. Sansberry caused an execution to issue upon his judgment which was delivered to Thomas J. McMahin, one of the appellants, who was the sheriff of said county and who, by virtue thereof, sold the land to Sansberry for four hundred dollars and issued to him a certificate of purchase, without having demanded property of James McGraw, and without having exhausted the residue of the property of William C. Flemming, though he was the owner of a large amount of real and personal property, subject to execution and of sufficient value to satisfy the judgment.

It is not averred that James McGraw had any property, and, if he had none, the failure of the sheriff to make a demand upon him for property will not invalidate the sale. The appellees do not claim that it will, but insist that the failure to exhaust the residue of the property of William C. Flemming renders it invalid, and in support of this proposition cite the cases of *Day* v. *Patterson,* 18 Ind. 114, *Sidener* v. *White,* 46 Ind. 588, and *Houston* v. *Houston,* 67 Ind. 276. These cases do not decide the question here involved. They merely decide, that where a judgment is a lien upon two or more parcels of real estate, and one of them is thereafter sold, the judgment creditor will be restrained from selling such parcel until the residue of the land is sold, but do not decide that if such parcel is sold the sale is invalid. It is presumed to be the duty of the judgment debtor, as between himself and his vendee, to pay the judgment, and if he retains any of the property encumbered by it, a court of equity will, without impairing the

Sansberry *et al. v.* Lord *et al.*

lien, require the judgment creditor to first exhaust the property held by the debtor so as to protect his vendee. This, however, will not be done unless it is desired, and if a vendee stands by and suffers his property to be sold without asking such relief, we know of no case that holds such sale illegal simply because he was entitled to such order. Such rule of law would require judgment creditors to adjust the equities of persons interested in the land encumbered by the judgment without any notice of their existence, and would defeat the title of a purchaser at sheriff's sale though he had no notice of an outstanding title or a secret equity. The judgment being a lien upon the entire land, the creditor was authorized to sell any portion of it, in the first instance, in the absence of an order directing it to be otherwise offered. Again, it is not averred that the deed to Ann C. Allen had been recorded, or that Sansberry had any notice that Flemming had sold the land, and as he purchased for value and without notice, for aught that is averred, he must be regarded as a *bona fide* purchaser, and the deed of conveyance made by Flemming to Anna C. Allen must, as against Sansberry, be regarded as fraudulent and void. 1 R. S. 1876, p. 365, section 16 ; *Milner* v. *Hyland*, 77 Ind. 458.

The deed being regarded as fraudulent and void, it follows that the appellees who claim through it can not question the legality of the sale.

It is said, however, that, as Sansberry was the execution creditor, he is charged with notice of all irregularities in the sale. This is true, but he is not charged with notice of an unrecorded deed.

The complaint was insufficient and the demurrer should have been sustained.

PER CURIAM.—It is therefore ordered, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to sustain the demurrer to the complaint.