Richey v. Merritt.

No. 12,549.

RICHEY v. MERRITT.

SHERIFF'S SALE.—*Judgment.*—*Subsequent Purchasers of Different Parcels of Land Bound by.*—*Execution.*—*Order of Sale.*—Where a judgment is a lien upon several parcels of land which are afterwards sold by the judgment defendant to different persons and at different times, a court of equity will compel a sale of such lands, to satisfy the judgment, to be made in the inverse order of their alienation.

SAME.—*Avoiding Sale.*—*Notice of Irregularities.*—An execution plaintiff, and the assignee of the judgment stands in that relation, is chargeable with notice of all irregularities in the issuance of the execution and in the sale of property under it, and when he becomes the purchaser the sale will be set aside for irregularities which could not be made effective as against an innocent third party, not so chargeable with notice.

SAME.—*Acquiescence.*—*Estoppel.*—Where a party has notice in time to prevent, by injunction or other proceeding, a sale of his land until parcels subsequently disposed of by the judgment defendant have been exhausted, but makes no objection until after the sale has been consummated, and shows no excuse for not doing so, he is estopped from asking to have the sale set aside on the ground that the proper priority was not observed.

SAME.—*Levy.*—*Presumption of Satisfaction of Judgment.*—*Voidable Alias Execution.*—*Waiver.*—*Estoppel.*—The levy of an execution upon property of sufficient value to pay the judgment, creates a presumption of the satisfaction of the judgment, and operates as such until the levy is legally disposed of, and an *alias* execution issued before such levy is disposed of is irregular and voidable, and may be set aside on motion made before the property is sold under it; but if the execution defendant waives his right to have such *alias* execution set aside, he can not afterwards question the validity of the sale on account of the irregular and voidable character of the execution.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*J. V. Kent* and *J. W. Merritt,* for appellee.

NIBLACK, J.—This was a suit by John Merritt against James M. Richey and others to set aside a sheriff's sale of real estate. A demurrer was sustained to the complaint, and there was a judgment upon demurrer in favor of the defendants. Upon an appeal to this court the complaint was held

to be sufficient and the judgment was reversed.   *Merritt* v.. *Richey*, 97 Ind. 236.

After the cause was remanded, the court tried the cause without a jury, and, upon proper request, made a special finding of the facts seemingly established by the evidence.

The finding in brief was, that on the 31st day of May,. 1877, Marcellus Bristow was the owner and in the actual. possession of lots 3, 4, 5.and 6, in block No. 15, in the town of Scircleville, in Clinton county, in this State; also of lots. 1, 7 and 8, in said block No. 15, of said town; also of blocks Nos. 13, 14 and 16, in said town; that, on the 19th day of January, 1880, the said Bristow became, also, the owner of lots 3 and 4, in block No. 26, and of lots 1, 2, 7 and 8, in block No. 34, and of lots 1, 2, 3, 4, 5, 6, 7 and 8,. in block No. 38, and of lots 1, 2, 3, 4, 5, 6, 7 and 8, in block No. 41, all in said town of Scircleville; that, on the 25th day of January, 1880, in a suit for partition in the Clinton Circuit Court, in which Lucinda Bristow and others were plaintiffs, and the said Marcellus Bristow and others were defendants, the northwest quarter of the southwest quarter of section 32, in township 22 north, range 2 east, in said; county of Clinton, was, among other lands, assigned and set. off to the said Marcellus Bristow; that, on the said 31st day of May, 1877, David P. Barner, cashier of the First National Bank of Frankfort, obtained a judgment in the Clinton Circuit Court against one Samuel Merritt, and against. the said Marcellus Bristow personally, as well as against him as administrator of the estate of Williamson Farrar, deceased, for the sum of $178.64, with costs of suit and interest at the rate of ten per cent. per annum; that, on the 3d day of April, 1879, the said Marcellus Bristow and his wife sold and by a warranty deed conveyed to John Merritt, the plaintiff herein, said lots 3, 4, 5 and 6, in block No. 15, in said town of Scircleville; that on the 23d day of September, 1879, the said Marcellus Bristow and his wife sold and conveyed to Joel A.. Haden block No. 16, in said town of Scircleville, and all that.

Richey v. Merritt.

part or parcel of land lying between said block No. 16 and the northwest quarter of the southwest quarter of section 3, in town. 21 north, range 2 east, in said county of Clinton; that, on said 23d day of September, 1879, the said Marcellus Bristow and his wife sold and conveyed to Samuel Armstrong all that part or parcel of land lying between said block No. 15, in the town of Scircleville, and the northwest quarter of the southwest quarter of said section 3, in town. 21 north, range 2 east; that, on the 16th day of February, 1880, the said Marcellus Bristow and his wife, in consideration of the sum of $800, conveyed and warranted to the above named James M. Richey the northwest quarter of the southwest quarter of section 32, town. 22 north, range 2 east, of which the said Richey went into possession; that, on the 10th day of May, 1880, the said Marcellus Bristow and his wife conveyed to Samuel Merritt lots 1, 2, 7 and 8 in block No. 34, and lots 1, 2, 3, 4, 5, 6, 7 and 8 in block No. 38, and lots 1, 2, 3, 4, 5, 6, 7 and 8 in block No. 41, all in said town of Scircleville; and that, on the 18th day of May, 1880, the said Samuel Merritt and wife conveyed the same real estate to Richey; that, on the 16th day of February, 1881, the said Marcellus Bristow and his wife conveyed to Charles Howard lot 4 in block No. 14, in the same town of Scircleville; that, on the 13th day of April, 1880, David P. Barner caused an execution to be issued on the judgment so recovered by him, as herein above stated, and to be delivered to the sheriff of Clinton county; that said sheriff levied said execution on the northwest quarter of the southwest quarter of section 32, in town. 22 north, range 2 east, being the same land conveyed by Marcellus Bristow and wife to Richey as heretofore stated, and advertised the same for sale on the 11th day of September, 1880; that on the day last named, the said Richey paid to the said Barner the sum of $163.60, being the amount of principal and interest then due on said judgment, and to the sheriff the further sum of $43.50 in full of costs due thereon; that said execution was thereupon returned by the sheriff

without making sale of the land so levied upon; that the said
Barner, after so receiving the amount due on said judgment,
assigned the same in due form to the said Richey; that the
land upon which the execution was so levied was, on said
11th day of September, 1880, worth the sum of $1,000; that,
on the 23d day of October, 1880, another execution was issued
on said judgment, at the request and for the use of Richey,
and delivered to the sheriff of Clinton county, who levied
the same on lots 3, 4, 5 and 6 in block No. 15, lots 1, 2, 3,
4, 5, 6, 7 and 8 in block No. 38, lots 1, 2, 7 and 8 in block
No. 31, lots 1, 2, 3, 4, 5, 6, 7 and 8 in block No. 41, and
upon block No. 16, all in the town of Scircleville aforesaid;
also on all that part or parcel of land lying between said
block No. 16 and the northwest quarter of the southwest
quarter of section 3, town. 21 north, range 2 east; also on all
that part or parcel of land lying between said block No. 15
and the northwest quarter of the southwest quarter of sec-
tion 3, above described; also on the south half of the south-
east quarter of the northeast quarter of section 36, in town.
22 north, range 2 east; that said real estate was advertised by
the sheriff for sale on the 11th day of December, 1880, at
which time he, the said sheriff, proceeded to offer said real
estate for sale; that when the fee simple of the south half
of the southeast quarter of the northeast quarter of section
36, herein above referred to, was offered for sale, the plain-
tiff, John Merritt, bid for the same the sum of ten dollars,
and said tract of land was openly struck off and sold to him,
the said Merritt, for that sum; that when the fee simple of
said lots 3, 4, 5 and 6 in block No. 15, in the town of Scir-
cleville, which had been, as already stated, conveyed by Mar-
cellus Bristow and wife to John Merritt, the plaintiff, on the
3d day of April, 1879, was offered for sale, the defendant,
Richey, bid for the same the sum of $244.67, and said lots
were in like manner struck off and sold to him, the said
Richey, for that sum of money; that after the expiration of

one year from the time of his purchase, Richey received a deed from the sheriff for said lots.

Upon the foregoing facts the circuit court came to the conclusion that the sheriff's sale of the lots, lastly above described, was illegal and void, and ought to be set aside, and judgment was rendered accordingly.

Richey alone appeals, and assigns error upon the conclusions of law stated by the circuit court.

When this cause was before us upon the former appeal, it was held to be a well settled proposition, that where a judgment is a lien on several parcels of land which are afterwards sold by the judgment defendant to various persons and at different times, a court of equity will compel a sale of such lands to satisfy such judgment, to be made in the inverse order of their alienation, and that is undoubtedly a correct statement of the law, abstractly considered. But the extent to which a court of equity will go in setting aside a sale of land on execution made in disregard of such inverse order of alienation is not, perhaps, so well settled. Rorer Judicial Sales, section 794; Freeman Executions, section 308.

An execution plaintiff is chargeable with notice of all irregularities which may have occurred both in the issuance of an execution and in the sale of property upon it. Hence, when an execution plaintiff becomes the purchaser, the sale will be set aside for irregularities which could not be made effective against an innocent third party not so chargeable with notice of mere irregularities. In this case, Richey, being the assignee of the judgment, stands in the relation of execution plaintiff to the execution which was issued after he became such assignee, and is to the same extent chargeable with notice. On the other hand, the execution defendant, by his acquiescence in irregularities in the proceedings upon an execution, including the sale of property upon it, may estop himself from obtaining an order setting aside such a sale. It is quite evident from the facts found by the circuit court, that Merritt, the plaintiff, might, at the proper time, have

caused Richey to be enjoined from selling the particular lots in controversy in this case until the latter had first exhausted the lands more recently conveyed to others by Marcellus Bristow, or that he might, by other proceedings, have obtained an order in advance requiring Richey to make sale of the lands conveyed away by Bristow in the inverse order of their alienation. *Sansberry* v. *Lord*, 82 Ind. 521. But, as must have been observed, the special finding of facts contains nothing showing any excuse for the failure of the plaintiff to take measures for his protection either in the one or the other of the methods indicated. Upon the facts found, the reasonable inference is that the plaintiff had notice, in due time, of both the levy upon and the sale of his property, and that he made no objection to either until after the sale was consummated. It was then too late to object that the proper order of priority was not observed in making the levy as well as the sale. *Sansberry* v. *Lord, supra.*

It is also true, that the levy of an execution upon property, whether real or personal, of sufficient value to pay the judgment upon which it issued, creates a presumption of the satisfaction of such judgment, and operates as such until the levy is legally disposed of, either by the sale of the property or in some other lawful manner, and that an *alias* execution issued upon such judgment, before such a levy is legally disposed of, is both irregular and voidable, and may be set aside on motion if made before the property is sold upon it. Freeman Ex., sections 49, 50; *Lindley* v. *Kelley*, 42 Ind. 294; *Frank* v. *Brasket*, 44 Ind. 92; *Neff* v. *Hagaman*, 78 Ind. 57; *Quakenbush* v. *Taylor*, 86 Ind. 270; *McIver* v. *Ballard*, 96 Ind. 76.

But where the execution defendant waives his right to have an *alias* execution so issued set aside, and permits his property to be levied upon and sold under it, he can not afterwards question the validity of the sale on account of the irregular and voidable character of the execution. *Doe* v. *Dutton*, 2 Ind. 309; *Sowle* v. *Champion*, 16 Ind. 165; *Cul-*

*bertson* v. *Milhollin*, 22 Ind. 362; *Mavity* v. *Eastridge*, 67 Ind. 211; *Martin* v. *Prather*, 82 Ind. 535; *Martin* v. *Pifer*, 96 Ind. 245; *Rose* v. *Ingram*, 98 Ind. 276.

The objection, therefore, that the execution, in question in this case, was improvidently issued, and, in consequence, voidable, can not now be made available as a cause for setting aside the sale made upon it.    Freeman Ex., section 307.

By a recurrence to the opinion pronounced in this case at the former appeal, it will be seen that there was an averment in the complaint making an excuse for the plaintiff's delay in objecting to the sale of his property, but that averment was not sustained by the facts as found at the trial, and hence as to that averment it must be inferred that the evidence was not sufficient to support it.    The plaintiff, therefore, in a very material respect, failed to make out the case presented by his complaint.    As to the parties who may complain of irregularities in proceedings upon an execution, see the cases of *Weaver* v. *Guyer*, 59 Ind. 195, and *Jones* v. *Carnahan*, 63 Ind. 229.

The judgment is reversed with costs, and the cause is remanded with instructions to the circuit court to restate its conclusions of law in accordance with this opinion, and to render judgment thereon in favor of the defendant below.

Filed Dec. 7, 1886.