Caley v. Morgan.

Filed April 13, 1888.

No. 14,025.

CALEY v. MORGAN.

JUDGMENT.—*By Confession.*—*Presumptions.*—*Jurisdiction.*—A judgment by confession to be valid must be entered in a court which has jurisdiction to render the same judgment in a contested cause; but such a judgment is supported by the same presumptions which sustain other judgments when collaterally questioned.

SAME.— When a party submits himself to the jurisdiction of a competent court and confesses judgment, and the court enters judgment for the amount admitted to be due, it will be presumed that all the preliminary steps necessary to confer jurisdiction were taken.

SAME.—*Affidavit.*— *Validity of Judgment Between Parties.*— A judgment entered by confession, without the filing of an affidavit as required by section 588, R. S. 1881, is valid as between the parties, and only void as to creditors.

SAME.—*Assignment.*—*Power of Attorney.*—Authority to assign a judgment may be conferred by a power of attorney.

SAME.—*Recording Power of Attorney.*—A power of attorney is valid as between the parties, and for all ordinary purposes, without being recorded. The recording of such instrument only becomes material when notice to third persons is necessary.

Caley *v.* Morgan.

SAME.—*When Not Kept Alive.*—Where a person, under a legal or equitable obligation to do so, discharges an encumbrance, he can not have such encumbrance kept alive for his benefit to the injury of another adversely interested.

SAME.—*Estoppel.*—*Merger.*—The purchaser of land is not estopped from buying a judgment against his grantor, existing at the time of the conveyance, and enforcing it against land afterwards acquired by the latter, there being no merger of the lien in such case.

SAME.—*Voidable Execution.*—*Sale Under.*—Questions as to the right of a party to have execution upon a judgment, and as to what property should be first levied upon, can not be raised after a sale has been regularly made under the execution.

From the Huntington Circuit Court.

*B. F. Ibach, J. G. Ibach* and *B. M. Cobb,* for appellant.
*J. B. Kenner* and *J. I. Dille,* for appellee.

NIBLACK, J.—John W. Caley, being in possession of a forty-acre tract of land in Huntington county of which he claimed to be the owner, brought this action against John Morgan, who asserted title to the same land, to have his title quieted. Morgan filed a cross-complaint stating the facts upon which he relied in support of his claim of title and demanding that his title be quieted.

The court heard the evidence and made a special finding of the facts, which may be briefly stated as follows:

That, on the 25th day of September, 1872, one Canaan Ogle was the owner of a tract of land described in the complaint; that, on the 26th day of October, 1872, the said Ogle executed a mortgage on said tract of land to one Andrew Brandstrator to secure the payment of the sum of $600, payable six years and three months after said 25th day of September, 1872, which mortgage was duly recorded in the proper recorder's office; that, on the 7th day of September, 1876, Ogle, by warranty deed, conveyed the same tract of land to Thomas L. Lucas, which deed was also duly recorded; that, on the 30th day of October, 1876, Lucas conveyed the land to one Andrew J. Kimmel; that, on the 19th day of March, 1879, Kimmel reconveyed one undivided

half of the land to Lucas, and the remaining one undivided half was by the same conveyance transferred to one Eli Jones; that, on the 27th day of May, 1879, Jones conveyed his interest in the land to Lucas; that, on the 15th day of April, 1876, Lucas, without a summons being issued against or served upon him, appeared in the Huntington Circuit Court and confessed judgment against himself for the sum of $917 in favor of one Milton Hendrix, for which amount that court rendered judgment accordingly; that such confession of judgment was made without filing with the court any affidavit that the amount named was due and owing, and that such confession was not made for the purpose of defrauding the creditors of the said Lucas; that, after said judgment was entered, Hendrix, the judgment plaintiff, by a power of attorney, constituted Lambden P. Milligan his attorney in fact to sell and assign such judgment to such person and upon such terms as he might see fit; that, on the 7th day of July, 1880, the said Milligan, as such attorney in fact, did sell, assign and transfer such judgment to John Morgan, the defendant; that the assignment to Morgan was written in the order-book below the record of said judgment, and was attested by the clerk of the court in which such record remained; that said power of attorney was never recorded in any record in the recorder's office of Huntington county; that, on the 30th day of December, 1878, one John J. Anson, acting as the administrator of the estate of Andrew Brandstrator, who had in the mean time died, commenced a suit in the Huntington Circuit Court against Ogle and Lucas to foreclose the mortgage executed by the former to Brandstrator; that, at the March term, 1879, of said court, a judgment for $836.30 and a decree of foreclosure of the mortgage were entered against Ogle and Lucas by default; that neither the plaintiff Caley nor the defendant Morgan was made a party to such foreclosure proceedings; that, on the 16th day of April, 1879, an order of sale was issued on the judgment and decree of foreclosure so entered against

Ogle and Lucas, and placed in the hands of the sheriff of Huntington county, who duly advertised the land described in the mortgage, and sold the same, on the 16th day of May, 1879, to one David Z. Weaver for the sum of $200, which the latter paid to the sheriff, and for which he received a certificate of purchase in the usual form; that, on the 16th day of September, 1879, Lucas sold and conveyed the land thus bid off by Weaver to the plaintiff Caley, for the sum of $600; that Caley agreed to pay to Weaver the sum of $200, with interest, the amount represented by the sheriff's certificate of sale, and the taxes which had accrued on said land as a part of the purchase-money; that, on the 15th day of May, 1880, Caley paid to the clerk of the Huntington Circuit Court the sum of $223.30, the amount necessary to redeem, and for the purpose of redeeming, the land from the sheriff's sale to Weaver; that Caley went immediately into possession of the land under his deed from Lucas, and continued in such possession until the 15th day of April, 1885, during which time he received the rents and profits arising therefrom; that, on the 22d day of October, 1881, an execution, for the use of the defendant Morgan, was issued against Lucas on the judgment confessed by him in favor of Hendrix and assigned to Morgan as stated; that, by virtue of such execution, the sheriff of Huntington county levied on the land which had been conveyed by Lucas to Caley as above set forth, and advertised the same for sale on the 24th day of December, 1881, on which day he sold the land to the defendant Morgan, for the sum of $550, that being more than two-thirds of the appraised value thereof, and issued to him, the said Morgan, a certificate of such sale; that the plaintiff Caley had no actual knowledge of such levy and sale by the sheriff until five or six days after the sale was made, and that he commenced this action on the 5th day of October, 1882; that during the pendency of this suit, that is to say, on the 1st day of March, 1883, the sheriff of Hunting-

ton county conveyed the land in question to the defendant Morgan, in pursuance of the latter's purchase of the same at sheriff's sale ; that Caley had no actual knowledge that Morgan claimed to have any lien on the land in controversy in virtue of the Hendrix judgment against Lucas until several days after Morgan had become its purchaser as has been shown ; that, on the 18th day of February, 1880, the land was sold for taxes for the years 1878 and 1879, and A. S. Purviance & Bro. became the purchasers, to whom a certificate of sale was duly issued ; that Purviance & Bro. afterwards assigned this certificate to Caley ; that, on the 24th day of February, 1882, the auditor of Huntington county executed to Caley a tax deed to the land in pursuance of the terms of such certificate ; that, at the time of such tax sale, Lucas had not sufficient personal property out of which the taxes for which the land was sold could have been made ; that the said sum of $223.30 paid in redemption of the land from the sheriff's sale, and the sum of $31.36 paid to A. S. Purviance & Bro. for the tax certificate, constituted the amounts which Caley agreed to pay as a part of the purchase-money when he bought the land ; that, on and after the 15th day of April, 1876, when said judgment in favor of Hendrix was rendered, Lucas was the owner of a large amount of real estate, situate in Huntington county, and on which that judgment was a lien, being more than sufficient to satisfy the judgment ; that, on the 2d day of June, 1876, the defendant Morgan bought of Lucas a large amount of real estate lying and being in said county of Huntington, which was of a value largely in excess of the sum due on such Hendrix judgment, and Lucas then had other real estate out of which that judgment could have been made and satisfied ; that, at the time the execution issued on the Hendrix judgment was levied on the land described in the complaint, there was a large amount of other real estate in Huntington county on which such execution might have been levied to satisfy the

judgment, which had been sold and conveyed to others by Lucas since Caley purchased the land so levied upon.

From the facts thus found the court came to the following conclusions:

*First.* That the plaintiff Caley was not entitled to the relief sought by him.

*Second.* That the defendant Morgan was the owner in fee simple of the land in suit, and was entitled to a judgment quieting his title thereto.

Over exceptions reserved to these conclusions of law, judgment was awarded in accordance with them, and the only complaint made here is as to the conclusions of law arrived at as stated.

As has been seen, both parties claim under Lucas, Caley relying upon a conveyance directly to him from Lucas, and Morgan upon a sheriff's sale on a judgment against Lucas antedating the conveyance to Caley.

On Caley's behalf it is insisted that, upon the facts found, the inference ought to be that the Huntington Circuit Court had no jurisdiction to render the judgment against Lucas in favor of Hendrix, first, because it was not made to appear that the cause of action was presented either by a formal complaint or a brief statement in writing which was filed and copied into the judgment, and, secondly, because it was affirmatively shown that no affidavit was filed stating that the amount for which judgment was confessed was justly due and owing, and that the confession was not made for the purpose of defrauding his, Lucas', creditors, as required by section 588, R. S. 1881.

It is true that judgments by confession have all the qualities, incidents and attributes of other judgments, and can not be valid unless entered in a court which might lawfully have rendered the same judgments in a contested cause; but it is equally true that judgments by confession are supported by the same presumptions which sustain other judgments when

collaterally called in question. Freeman Judgments, sections 547, 557.

The Huntington Circuit Court is a court of general jurisdiction, and the Hendrix judgment was one which that court might lawfully have pronounced in an ordinary action. When, therefore, Lucas submitted himself to the jurisdiction of that court, and confessed judgment for a specified sum, and that court assumed jurisdiction of the cause and proceeded to enter judgment for the amount admitted to be due, the presumption that all the preliminary steps had been taken which were necessary to confer jurisdiction ought to be indulged. Then, too, a judgment entered by confession without the filing of an affidavit as required by section 588 of the statutes is valid as between the parties. Freeman Judgments, section 557; *Kennard* v. *Carter*, 64 Ind. 31; *Mavity* v. *Eastridge*, 67 Ind. 211; *Hopper* v. *Lucas*, 86 Ind. 43. It is only as to creditors that a judgment so entered is void.

It is next claimed that authority to assign a judgment can not be conferred by a power of attorney, and that, at all events, the power of attorney from Hendrix to Milligan was inoperative, because it was not recorded in some record in the recorder's office of Huntington county.

Any person capable of transacting his own business may appoint an agent to act in his behalf in all the ordinary affairs of life. In many cases the appointment may be by parol only, but may in any case be in writing. For some purposes the appointment must be by a letter or power of attorney which makes the agent an attorney in fact. A person thus appointed, however, is none the less the mere agent of the person appointing him. Story Agency, p. 2, paragraph 3; Ewell's Evans Agency, p. 1; *Roehl* v. *Haumesser*, *ante*, p. 311.

A power of attorney is valid as between the parties, and for all ordinary purposes, without being recorded. It is only

when notice to third parties is requisite that the recording of a power of attorney becomes material.

There was, consequently, nothing in the facts, as the court found them, which restrained Hendrix from constituting Milligan his attorney in fact to sell and assign his judgment against Lucas, or which invalidated Milligan's assignment of the judgment to Morgan.

It is further insisted that Caley, by his redemption of the land from the sheriff's sale to Weaver, and by his purchase of the tax sale certificate from A. S. Purviance & Bro., acquired liens superior to the lien of the Hendrix judgment, and which perfected the title derived by him from Lucas. We know of no theory on which this claim can be sustained. It ignores, and, indeed, is in the face of Caley's agreement to redeem the land from the sale to Weaver, and to pay the taxes due upon it, as a part of the purchase-money when he bought it from Lucas.    In redeeming the land, as he did, and in purchasing in the tax certificate, Caley acted in the place and as the representative of Lucas, and only paid what had become, for all practical purposes, his own debts.    No lien, therefore, resulted to him from either one of those payments any more than would have accrued to Lucas if he had made them.

Where a person, under a legal, as well as an equitable, obligation to discharge an encumbrance, discharges it accordingly, he can not have such encumbrance kept alive for his benefit to the injury of another adversely interested. *Bunch* v. *Grave*, 111 Ind. 351.

When the land was redeemed by Caley from the sheriff's sale to Weaver, it was simply remitted to the position it occupied before the sale. *Teal* v. *Hinchman*, 69 Ind. 379; *Taggart* v. *McKinsey*, 85 Ind. 392; *Birke* v. *Abbott*, 103 Ind. 1.

It is still further claimed that, after Morgan had purchased other lands from Lucas, on the 2d day of June, 1876, on

which the Hendrix judgment was a lien, he became estopped from thereafter buying in that judgment and enforcing its payment out of the land in litigation, which Lucas did not acquire for some time afterwards, and that by the purchase of the judgment the lien, which had resulted from it, was merged in the fee simple title which he had received from Lucas. We see no element either of estoppel or of merger in the transactions thus referred to. The judgment, nevertheless, remained unpaid and continued to be a general lien on the real estate owned by Lucas at the time it was rendered, or of which he afterwards became the owner. Whether Morgan might not have been restrained from proceeding as he did involves quite another question, and one concerning which we have made no inquiry.

The cases cited by counsel on the subject of the merger of liens in fee simple or greater estates have reference to specific liens like mortgages, and not to general liens like those created by judgments.

Before the land was sold on the Hendrix judgment Caley might have raised the question of Morgan's right to have execution on the judgment, and, in the event that such right had been sustained, then as to what property ought to have been first levied on to satisfy the judgment. Upon a merely voidable execution such questions can not be raised after a sale has been regularly made upon it. *Sansberry* v. *Lord*, 82 Ind. 521; *Richey* v. *Merritt*, 108 Ind. 347.

Caley was chargeable with notice of the existence of the Hendrix judgment and of the levy upon and sale of his land upon it, and however much his want of actual knowledge on these subjects is to be regretted, such want of actual knowledge affords him no ground of relief. *Taylor* v. *Morgan*, 86 Ind. 295.

Upon the facts presented we see no sufficient reason for holding that the execution under which Morgan claims was void. It was at most only voidable. Consequently, the sale

made upon it is not now, and has not been since it was made, open to collateral attack.

The judgment is affirmed, with costs.

