STANDARD ACCIDENT INSURANCE COMPANY, OF DETROIT, MICHIGAN v. AYRES.

[No. 27,409. Filed June 28, 1940. Rehearing denied September 16, 1940.]

*White, Wright & Boleman* and *George C. Forrey III,* of Indianapolis, for appellant.

*Paul R. Benson,* of New Castle; and *Charles R. Tindall,* of Greenfield, for appellee.

TREMAIN, J.—This is an appeal by the appellant from a judgment in favor of the appellee in an action upon

an ejectment bond and undertaking executed by appellant as surety for Everett P. Hoover and Margaret A. Hoover in an action for the possession of real estate.

The complaint discloses that theretofore the appellee was the owner of certain real estate and filed an action against the Hoovers in ejectment. With his complaint he filed an affidavit requiring the defendants in that action to surrender possession of the real estate at once or execute a bond and undertaking as provided by § 3-1306, Burns' 1933, § 946, Baldwin's 1934. The Hoovers executed the undertaking sued on herein with appellant as surety thereon. The ejectment action was tried with the result that a judgment was rendered in favor of appellee against the Hoovers for possession of the real estate and damages in the sum of $1,000 for its unlawful detention. This action is based upon that judgment and the bond and undertaking therein executed.

The appellant filed an answer of *non est factum* wherein it denied the execution of the bond and undertaking. The undertaking executed is as follows:

"We, the undersigned do hereby undertake to Arthur B. Ayres that the Defendant Everett P. Hoover and Margaret A. Hoover will safely keep and preserve the property described in the above captioned complaint, that the same will not be in any way injured or damaged, and that he will deliver the same to the Plaintiff if judgment shall be rendered to that effect and that he will pay to the Plaintiff all such sums of money that he may recover in this action, and abide by the judgment therein.

"Everett P. Hoover
Margaret A. Hoover
Standard Accident Insurance Company
of Detroit, Michigan, by its atty-in-fact,
Wm. C. Beall"

The answer of *non est factum* is attempted to be sustained by the appellant upon the ground that the attorney in fact, William C. Beall, was a special agent of the appellant with limited authority to execute bonds and undertakings, and, under the power of attorney issued to him, he had no authority to execute the undertaking in suit. The pertinent portions of the power of attorney are as follows:

"THE STANDARD ACCIDENT INSURANCE COMPANY . . . in pursuance of authority granted by Section 10 A of the By-laws of said Company, a copy of which section is hereto attached, does hereby nominate, constitute and appoint Wm. C. Beall of the City of Anderson, State of Indiana, its true and lawful agent and attorney-in-fact, to make, execute, seal and deliver for and on its behalf, and as its act and deeds bonds and undertakings of suretyship in penalties not exceeding Twenty Five Thousand_____ ($25,000.00) Dollars each, required to be given pursuant to any Statute, Order or Decree of any Court in the State of Indiana or in the United States District Court for said State, or in Bankruptcy Proceedings, under the Bankruptcy Act of the United States on behalf of Administrators, Executors, Guardians, Conservators, Committees of Incompetents, Trustees, Receivers, Assignees, and Commissioners for the sale of Property in qualifying as such either by appointment or election. . . .

"All such bonds and undertakings as aforesaid, to be signed for the Company and the Seal of the Company attached thereto by the said Wm. C. Beall, individually, as occasion may require.

"And the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Company, as fully and amply, to all intents and Purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company. . . ."

The by-law referred to in said power of attorney provides:

"The President . . . shall have power and authority to appoint . . . Attorneys-in-fact and to authorize them to execute on behalf of the Company and attach the Seal of the Company thereto, bonds and undertakings, recognizances, contracts of Indemnity and other writings obligatory in the nature thereof."

It is appellant's position that the bond and undertaking executed by its special agent was open as to amount of liability and he was not authorized to execute an undertaking of that nature; also, that the power of attorney did not authorize the special agent to execute a bond and undertaking required by statute in an ejectment suit. To support its positions it relies upon the provisions of the power of attorney quoted above.

It is noted that the statute required the sheriff in the ejectment action to accept from the defendants an undertaking to safely keep and preserve the property free from damage and to deliver the same to the plaintiff and pay any sum of money which may be recovered. There was a judgment for the delivery of the property and damages in the sum of $1,000, which sum fell well within the amount for which the special agent was authorized to execute surety bonds and undertakings. The appellee was not a party to the execution of the undertaking. It was executed by the appellant through its agent, Beall, and delivered to the sheriff. Under it the Hoovers were permitted to hold the property for a long period of time before the ejectment action was finally tried in another county on change of venue. Likewise, the power of attorney and the section of the by-law attached thereto were prepared by the appellant independently of either this appellee or the sheriff

who accepted the bond and undertaking. The appellant alone selected the words to express its intention.

In construing insurance policies and instruments of the nature of the one here under consideration, if there is any ambiguity or uncertainty in reference to the expressions therein contained, the court will construe them most strictly against the insurer. If the provisions of the power of attorney fairly convey the idea that the company intended to authorize its special agent to execute an ejectment bond and undertaking, the court would not be justified in holding to the contrary. The question of the interpretation of a power of attorney is discussed in 2 Am. Jur. 32, Agency §§ 31, 32, and 33. It is there noted that powers of attorney are to be construed in accordance with the rules for the interpretation of written instruments generally; that words used therein are to be understood according to their ordinary acceptation, having regard to the language employed in the instrument as a whole; that the instrument creating the power will be held to grant only those powers which are expressly defined and such others as are essential in effectuating the expressed powers; that the agent can bind the principal only to the extent expressed in the power. The text cited is as follows, page 34:

"The grant of power is not, however, to be frittered away by very nice and metaphysical distinctions; the object and purposes of the parties must always be kept in view, and, where the language will permit, the construction should be carried out that will support, instead of defeat, the purposes of the instrument. In other words, a strained interpretation should never be given. The intent of the parties may, however, limit the language of a power of attorney; it is accordingly the rule that a power of attorney in general terms is to be restricted as well as enlarged by the evident intent of the parties.

"In addition to the intent of the parties the law, in determining the effect of an act executed by one holding a power of attorney, looks also to whether that intent has been executed in such a manner as to possess a legal validity.

". . . So it is that a general clause in a power of attorney given for a specific purpose, authorizing the agent to do 'any and every act' in the principal's name which he could do in person, must be construed.to relate to the specific purpose, and does not constitute such agent a general agent. The specific authorization of particular acts tends to show that a more general authority is not intended."

The provisions in the power of attorney authorized the agent to "execute . . . bonds and undertakings of suretyship in penalties not exceeding Twenty Five Thousand_____ ($25,000.00) Dollars each, required to be given pursuant to any Statute . . . in the State of Indiana." The words employed in the power of attorney are not restricted in their meaning or application. The courts are free to give them a fair and reasonable interpretation. In doing this, the relation of the parties and the nature and character of business transacted by the agent should be considered. *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752.

This contract of suretyship falls in the same class and is measured by the same rules of law as insurance contracts. *American Surety Co.* v. *Pangburn* (1914), 182 Ind. 116, 105 N. E. 769. It was prepared by the appellant, and, in such case, the court will construe it most favorably to the appellee. In so far as the record discloses the appellant had notice long before the filing of the present action that the undertaking had been executed by its agent. It took no action to be relieved from liability.

Reference is again directed to 2 Am. Jur. 35, Agency § 33, above cited, wherein it is stated:

"In the interpretation of a power of attorney stated in ambiguous language, or in that which is of doubtful import, various factors must be taken into consideration. Where the words used are ambiguous in themselves they are to be taken most strictly against the principal. In such case it has been said that the agent in his dealings with a third person can bind the principal in accordance with usage or by any construction of it which is reasonable. Moreover, the principal is bound when the agent and a third person have acted in regard to an object permitted in the power granted, even though the mode of action is open to question, and the court, upon a critical examination of the language used, might be of the opinion that a different construction would be more correct. . . . The rule thus stated places upon the principal the burden of reasonable mistakes made by the agent in the interpretation of his authorization caused by facts of which the agent has no notice."

In support of the text, that authority cites *Very* v. *Levy*, 13 How. (U. S.) 345, 14 L. Ed. 173, which held in effect that such an instrument "is to be construed as a plain man, acquainted with the object in view, and attending reasonably to the language used, would in fact construe it; further, that he is not bound to take the opinion of a lawyer concerning the meaning of a word not technical, and apparently employed in a popular sense."

As a further support of the text, Am. Law. Inst. Restatement, Agency, § 42, is cited as follows:

"The view has been taken that if an agent's authorization is ambiguous, the subsequent conduct of the parties with reference to the same is determinative of the authority granted unless such subsequent conduct is contrary to the terms of a clearly expressed document, or unless the authority

"is so clearly expressed in view of the attendant circumstances that it cannot reasonably be given the interpretation which the parties indicate by their conduct."

It is reasonably certain that the agent possessed the general power to execute suretyship bonds and undertakings. Whether or not that power is limited by the succeeding clauses may be doubted. The first clause relates to the statute, order or decree of any court in the State of Indiana. This is followed by the comma; then the disjunctive "or" is used to introduce the next clause, "in the United States District Court." That clause is followed by a comma, and the disjunctive "or" followed by "in Bankruptcy Proceedings, under the Bankruptcy Act of the United States on behalf of Administrators. . . ." There is no comma between the words "United States" and "on behalf." An objection has been made that, if the clause beginning "on behalf of Administrators" is to modify and apply to orders or decrees of the state court, it should have been separated by a comma from the words "United States." This objection is referred to in order to further emphasize the probability of disagreement as to the interpretation of the entire instrument. It is clear that choice language has not been used to limit the power of the agent, Beall, when dealing with third persons.

The facts were stipulated in the trial of the cause, and the matter was submitted to the trial court so as to call upon that court to exercise its judgment in the interpretation of the contract. The court held that the agent was authorized to execute the contract in suit. The assignment in this court is that the judgment was not supported by sufficient evidence and is contrary to law. The appellant is charged

with the burden of clearly showing that the agent was without authority and that the power of attorney limited his right to execute the undertaking in question. This court is clearly of the opinion that the appellant has not overcome that burden, and that the trial court correctly interpreted the writing and rendered judgment accordingly.

Finding no error, the judgment is affirmed.

Roll, C. J., concurs in result.

NOTE.—Reported in 28 N. E. (2d) 50.