SLAVKA ANDONOV *v.* CHRISTO CHRISTOFF, BY HIS ATTORNEY
IN FACT, RICHARD L. HOWARD.

[No. 3-1174A192. Filed June 2, 1976.]

*William F. Kane, Jr., Lucas, Clifford, Kane & Holcomb,* of
Merrillville, for appellant.

HOFFMAN, J.—Plaintiff-appellee Richard L. Howard commenced this action in the trial court against defendant-appellant Slavka Andonov seeking to set aside certain deeds conveying title to appellant of certain real estate located in Lake County, Indiana. The trial court entered a judgment in favor of appellee, and appellant subsequently perfected this appeal.

The facts most favorable to the appellee as revealed by the record establish that one Christo Christoff, a resident of Plovdiv, Bulgaria, is the sole heir of one Anton Pappas, who died a resident of Lake County. The estate of Anton Pappas was administered, in part, by Christo Andonov, who purchased certain real estate from such estate with the written

consent of Christoff, the sole heir, and distributed the net sum of such estate to Christo Christoff. Appellant Slavka Andonov is the widow of Christo Andonov, and received the property in question as surviving joint owner.

During or after the administration of the estate of Anton Pappas, Christo Christoff executed a power of attorney, authorizing a particular law firm in New York City to represent him in the settlement of such estate, giving such law firm "full power of substitution ***."

Thereafter, the name of such law firm was marked out on such power of attorney by unknown persons, and the words "Chief of Consular office to the Bulgarian Embassy at Washington, D.C." were inserted in its place by interlineation. There is no evidence that Christo Christoff authorized or consented to such substitution nor that it was approved by the original designee. Later, in February of 1968, Lubomir Kotzev, then "Chief of the Consular Office of the Embassy of the People's Republic of Bulgaria", executed a purported "SUBSTITUTION" authorizing attorney Richard L. Howard to act as an attorney-in-fact for Christo Christoff under the aforementioned power of attorney.

It is under such purported authority that Richard L. Howard commenced this action in the trial court on behalf of Christo Christoff. On appeal, the appellant asserts that there is no evidence that Howard has any authority to maintain this action.

It is fundamental that the execution of a power of attorney creates a type of agency relationship. *See, Standard Accident Ins. Co.* v. *Ayres* (1940), 217 Ind. 422, 427, 28 N.E. 2d 50, 52. It is equally fundamental that such an agency relationship is contractual, existing only as the result of the mutual consent of both the principal and the agent. *Department of Treasury* v. *Ice Service, Inc.* (1942), 220 Ind. 64, 67-8, 41 N.E.2d 201, 203.

The power of attorney at issue in the case at bar appointed

a law firm in New York City to act as a general agent of Christoff for the purpose of representing him in the court proceedings pertaining to the estate of Anton Pappas. Thus, such power of attorney impliedly enabled such law firm to do all things necessarily incident to the execution of such power. *Pierce* v. *Gas City Lumber Co.* (1937), 104 Ind. App. 234, 7 N.E.2d 511. Additionally, such power of attorney expressly enabled such law firm to make a substitution of another to act as Christoff's attorney-in-fact in its stead.

It cannot be disputed that a party competent to contract may so authorize others to act in his behalf. *See, Caley* v. *Morgan* (1888), 114 Ind. 350, 16 N.E. 790. However, in the absence of such an express authorization, such authority will not normally be implied, due to the personal, fiduciary nature of the principal-agent relationship. As stated by the court in *Knudsen* v. *Torrington Company* (2d Cir. 1958), 254 F. 2d 283, at 286:

> "The personal nature of an agency contract arises as an incident of the legal relationship. An agent may be an independent contractor, not subject to control in the manner in which he performs his duties, but he is an agent nevertheless, and from this agency relation flow certain legal consequences. The fact of the relation implies a promise to use care and skill and imposes fiduciary obligations of loyalty and obedience not normally present in other bilateral agreements. See Commonwealth v. Minds Coal Mining Corp., 1948, 360 Pa. 7, 60 A. 2d 14. Because in fact the agency relationship is normally grounded on the trust and confidence the principal places in his agent, the law has come to impose these personal obligations and duties of the agent and to look upon the relationship as being personal in nature as a matter of law. As a consequence agency duties ordinarily cannot be delegated by the assignment of the contract without the express or implied authority of the principal, see Wetherell Bros. Co. v. United States Steel Co., 1 Cir., 1952, 200 F. 2d 761; 4 Corbin, Contracts, § 865 (1951); 10 A.L.R. 653, or by the substitution of another, where the duties involve any personal discretion, skill or judgment. See Brown v. Mt. Holly Nat. Bank, 1927, 288 Pa. 478, 136 A. 773; Restatement, Agency, § 78 (1933)."

Although the power of attorney at issue in the case at bar expressly authorized the substitution of a new attorney-in-fact, there is no evidence tending to establish that the substitution of the "Chief of [the] Consular office to the Bulgarian Embassy at Washington, D.C." was made by the law firm which Christoff had empowered to make such a substitution. In short, there is nothing in the record of this cause from which the trial court could have found that such consular official was empowered to act as an attorney-in-fact for Christo Christoff. And, because Richard L. Howard purported to derive his authority as an attorney-in-fact for Christoff through a substitution made by such consular official, it must be concluded that the trial court erred when it allowed Richard L. Howard to maintain this action on Christoff's behalf over the objection of appellant.

The judgment of the trial court must be reversed.

Reversed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 348 N. E. 2d 84.