**KIMCO LEASING, INC., Appellant (Plaintiff Below),**

v.

**RANSOM JUNIOR HIGH SCHOOL and Laird W. Lewis, Jr., Individually, Appellee (Defendant Below).**

No. 02A03–8910–CV–458.

Court of Appeals of Indiana,
Third District.

July 26, 1990.

Frank A. Webster, Fort Wayne, for appellant.

Michael P. O'Hara, Fort Wayne, for appellee.

STATON, Judge.

The leasing contract action of Kimco Leasing, Inc. was dismissed for lack of personal jurisdiction. Our review presents this issue:

Whether a party to a lease agreement can consent to personal jurisdiction when the written lease agreement contains several clauses indicating consent to personal jurisdiction, to-wit:

This lease shall be deemed to have been made in the State of Indiana and shall be governed by it's [sic] laws regardless of the order in which the signatures of the parties shall be affixed hereto.

This guaranty agreement shall be governed by and construed in accordance with the laws of the State of Indiana. Guarantors hereby consent and submit to the jurisdiction of the respective courts of the County of Allen of the State of Indiana for purposes of enforcement of this guaranty agreement.

Record, ¶ 23, reverse side of p. 7; p. 7.

We reverse with instructions to re-instate Kimco's contract action.

Kimco leased a vending machine for four years to Ransom Junior High School in Charlotte, North Carolina. The lease was signed by the principal, Laird W. Lewis, Jr. Approximately two years after the lease was executed, Kimco filed this action alleging that Ransom owed over $5,000.00 in rent which was due and unpaid. Ransom filed a motion to dismiss, Ind.Trial Rule 12(B)(2), which was granted by the trial court.

■ If a trial court has subject matter jurisdiction, a party to a lease can consent to personal jurisdiction. *National Equipment Rental, Ltd. v. Szukhent* (1964), 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354. Therefore, the forum-selection clause in the lease executed between Kimco and Ransom Junior High School is prima facie valid. Before a trial court may disregard or set aside an agreed to forum-selection clause, the party opposing the enforcement of the clause must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off–Shore Co.* (1972), 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513. This Ransom has failed to do.[1] Absent any "compelling and countervailing reason" to avoid that which Ransom has agreed to do—submit to the jurisdiction of the Allen County courts—the judg-

---

1. Ransom merely states that its negotiating agent, Lewis, was not "necessarily an 'experienced' or 'sophisticated' businessman." Appellee's Brief 27. The very nature of his position with Ransom belies this argument. Too, there is evidence that Ransom negotiated condition 28 of the lease which provided that Ransom could terminate the contract if it was unable to allocate funds. Record, p. 6. There is no evidence that any negotiations were ever attempted on the jurisdiction provision.

ment of the trial court is reversed with instructions to re-instate Kimco's action. *Bremen, supra,* at 12, 92 S.Ct. at 1914; also see *L.A. Pipeline v. Texas Eastern Products Pipeline* (S.D.Ind.1988), 699 F.Supp. 185.

Reversed.

RATLIFF, C.J., and GARRARD, J., concur.