**Gerard POLLAS and Monique Pollas,**
**Appellants–Defendants,**

**v.**

**HARDWARE WHOLESALERS,**
**INC., Appellee–Plaintiff.**

**No. 02A03–9506–CV–199.**

Court of Appeals of Indiana.

April 16, 1996.

Rehearing Denied June 12, 1996.

Michael T. Yates, Moss, Crowell, Harris, Yates & Long, Fort Wayne, for appellant.

Stephen L. Fink, Barnes & Thornburg, Fort Wayne, for appellee.

**OPINION**

STATON, Judge.

Gerard Pollas ("Gerard") and Monique Pollas ("Monique") appeal a judgment in favor of Hardware Wholesalers, Inc. ("HWI") on a guaranty contract. They present two issues for review which we restate as follows:

I. Whether the trial court erred in determining that the guaranty was binding upon Gerard and Monique.

II. Whether the trial court erred in determining that Gerard and Monique consented to the Indiana court's exercise of personal jurisdiction over them.

We affirm.

The facts most favorable to the judgment indicate that Gerard and Monique, residents of New York, were involved with their son, Phillippe Pollas ("Phillippe") in the purchase of a hardware franchise in Colorado from HWI. While the negotiations were ongoing, Gerard and Monique signed a general power of attorney appointing Phillippe as their attorney-in-fact. The power of attorney granted Phillippe the power:

> Also to bargain and agree for, but [sic], sell, mortgage, hypothecate, and in any and every way and manner deal in and with goods, wares, and merchandise, choses in action, and other property in possession or in action, and to make, do, and transact all and every kind of business of whatsoever nature and kind;
>
> And also for us and in our name, and as our act and deed, to sign, seal, execute, deliver, and acknowledge such deeds, leases, mortgages, hypothecations, charter parties, bills of lading, bills, bonds and notes, receipts, evidence of debt, releases and satisfaction of mortgage, judgments, and other debts, and such other instruments in writing of whatsoever kind and nature as may be necessary or proper in the premises;

Record, p. 398, Plaintiff's Exhibit No. 2. Pursuant to that power of attorney, Phillippe executed a guaranty on behalf of Gerard, Monique and himself to guarantee any indebtedness of the hardware store. One of the provisions of the guaranty stated:

This instrument shall be construed according to the law of the State of Indiana, and action to enforce this instrument may be maintained in the courts of Indiana, and Guarantors expressly waive personal jurisdiction of the Indiana court and agree that notice given by certified mail to the address set forth below shall be sufficient to confer jurisdiction of these persons in Indiana for the purpose of an action to enforce this instrument.

Record, p. 398, Plaintiff's Exhibit No. 3. When the hardware store defaulted on its obligations, HWI initiated this cause of action based upon the guaranty. After a bench trial, the trial court entered judgment in favor of HWI in the amount of $186,594.55.

■ We first note that Gerard and Monique requested specific findings of fact and conclusions thereon pursuant to Trial Rule 52(A). When a party has requested such findings and conclusions, the reviewing court cannot affirm the judgment on any legal basis; rather, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Bd. of Comm'rs v. Rittenhouse,* 575 N.E.2d 663, 665 (Ind.Ct.App.1991), *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. De-Haan,* 572 N.E.2d 1315, 1320 (Ind.Ct.App. 1991), *trans. denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

## I.

### The Guaranty

Gerard and Monique first argue that the court erred when it found that the guaranty

was binding upon them because Phillippe did not have actual or apparent authority to sign the guaranty on their behalf. Their argument rests on the assertion that because the power of attorney did not specifically confer the power to sign the guaranty, no such power existed.

■ A power of attorney creates an agency relationship between the person granting the power of attorney (the principal) and the designated attorney-in-fact (the agent). *Andonov v. Christoff,* 169 Ind.App. 319, 348 N.E.2d 84, 85 (1976). A principal is liable for the acts of his agent which were committed within the scope of the agent's actual or apparent authority. *Clark v. Millikin Mortgage Co.,* 495 N.E.2d 544, 547 (Ind. Ct.App.1986).

■ A guaranty is a contract to assume liability for the debts of another upon default. *McEntire v. Indiana Nat'l Bank,* 471 N.E.2d 1216, 1223 (Ind.Ct.App.1984), *reh. denied, trans. denied.* When the person or entity primarily liable for the debt defaults, the guarantor becomes the debtor. *Id.* The guaranty is the evidence of the debt.

■ The power of attorney signed by Gerard and Monique specifically gave Phillippe the power to sign an "evidence of debt" or other debt. Record, p. 398, Plaintiff's Exhibit No. 2. Because a guaranty is "evidence of debt," Phillippe had actual authority pursuant to the power of attorney to sign the guaranty on behalf of Gerard and Monique. They are liable for the acts committed within the scope of their agent's actual authority. *Clark, supra,* at 547. Thus, the evidence supports the trial court's findings that Phillippe had actual authority to sign the guaranty on Gerard and Monique's behalf. No error occurred.

## II.

### Personal Jurisdiction

■ Gerard and Monique next argue that the trial court erred in determining that it had personal jurisdiction over them because

Phillippe did not have authority to consent to personal jurisdiction on their behalf. Parties can consent to personal jurisdiction in a variety of ways. Parties to a contract frequently agree in advance to have any controversies litigated in a particular forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 2181–82 n. 14, 85 L.Ed.2d 528 (1985). As a general rule, these "forum selection clauses" must be freely negotiated and not unreasonable or unjust. *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972); *Mechanics Laundry & Supply, Inc. v. Wilder Oil Co., Inc.*, 596 N.E.2d 248, 252 (Ind. Ct.App.1992), *trans. denied.* Indiana courts have upheld forum selection clauses in contracts signed by an agent on the principal's behalf. *See, Mechanics Laundry, supra; Kimco Leasing, Inc. v. Ransom Junior High School*, 556 N.E.2d 1371 (Ind.Ct.App.1990).

When a principal cloaks his agent with apparent authority, he is bound by the acts of his agent. *Warner v. Riddell Nat'l Bank*, 482 N.E.2d 772, 775 (Ind.Ct.App.1985), *reh. denied, trans. denied.* An agent possesses apparent authority when a third person reasonably believes the agent possesses authority due to some act by the principal. *Id.* Placing an agent in a position to act and make representations which appear reasonable is sufficient to endow him with apparent authority. *Id.* When a party places an agent in the position of sole negotiator on his behalf, it is reasonable for the third person to believe that the agent possesses authority to act for the principal. *Id.*

It is true that the power of attorney did not specifically state that Phillippe had the power to consent to the jurisdiction of the Indiana courts. However, the power of attorney does grant Phillippe power to sign the guaranty on Gerard and Monique's behalf. In addition, it grants him the broad authority to "transact all and every kind of business" on their behalf. Record, p. 398, Plaintiff's Exhibit No. 2. The power of attorney was executed during the time that Gerard and Monique were allowing Phillippe to negotiate with HWI on their behalf concerning the purchase of the hardware business. By placing Phillippe in the position of sole

negotiator on their behalf and granting him broad powers under the power of attorney, they gave him apparent authority to negotiate the terms of their agreement. *Warner, supra*, at 775. One of the conditions negotiated by Phillippe is the forum selection clause. That clause was freely negotiated by him and thus is a valid consent to personal jurisdiction. *The Bremen, supra*, at 15, 92 S.Ct. at 1916; *Mechanics Laundry, supra*, at 252. Gerard and Monique are bound by their agent's actions on their behalf. *Warner, supra*, at 775. Thus, the evidence supports the trial court's findings that Phillippe had apparent authority to act on behalf of Gerard and Monique and that the court had personal jurisdiction over the parties.

Affirmed.

GARRARD and SULLIVAN, JJ., concur.