Joyce *v.* The First National Bank of Madison.

Sheriff's Sale.—*Selling Land in Parcels.*—*Action to Recover Real Estate.*
  *Waiver.*—*Estoppel.*—The law requiring sheriffs to sell in parcels land levied upon was intended for the benefit of the execution defendant. But

Joyce v. The First National Bank of Madison.

such right may be waived by the defendant ; and, having waived it by a request that the land be sold as an entirety, he can not, in an action to recover the land, by one holding the sheriff's deed, be heard to complain that it was thus sold.

SAME.—*Presumption that Levy and Sale are Regular.*—Where the purchaser of land at a sheriff's sale is not the plaintiff in the execution on which it is sold, he has the right to presume that the levy and sale were regular, and that the sheriff had taken all the steps, such as the demand of personal property, etc., necessary to justify the levy upon the land.

SAME.—*Effect of Want of Title to Land Sold on Action to Recover.*—An execution defendant can not set up his own want of title to land sold on execution against him, to defeat an action by the purchaser to recover possession.

From the Jefferson Circuit Court.

*A. D. Vanosdol*, for appellant.

*C. A. Korbly*, for appellee.

WORDEN, J.—Action by the appellee, against the appellant, to recover possession of certain land and quiet the plaintiff's title thereto.

The complaint contained two paragraphs. The first was in the ordinary form of a complaint to recover real estate. The second set out the plaintiff's title specifically, alleging, in substance, the recovery of a judgment in the Jefferson Circuit Court, by the State of Indiana, upon the relation of John Roberts, against the defendant Joyce and others, for the sum of something over nine thousand dollars, the issuing of an execution upon the judgment and the levy of the same upon the land in question, and the sale thereof by the sheriff after due notice, one James W. Comely becoming the purchaser and receiving the sheriff's certificate of purchase; that Comely, for a valuable consideration, assigned the certificate to one Edwin G. Whitney, and that the latter, for a valuable consideration, assigned the certificate to the plaintiff, to whom the sheriff executed a deed for the premises, the year for redemption having expired and the premises not having been redeemed.

The paragraph further alleged as follows :

" The plaintiff further alleges, that, after the execution of the said deed of conveyance to the plaintiff, and while the plaintiff was entitled to receive the possession of said real estate, the plaintiff caused demand to be made of said defendant for the possession of said real estate, and the defendant refused to deliver possession of the same, and claimed that said sheriff's sale of real estate was illegal and void, for the reason that the sheriff of said county did not make a legal demand for personal property of him, said Joyce, for levy upon said execution, before the levy upon and sale of said real estate, and for the further reason that said sheriff, James Graham, at the sale of said real estate, did not first offer said real estate in parcels before offering the same for sale in one body; and said defendant informed the said plaintiff's agent and attorney that he would resist the said sale and conveyance by every process of law.

"And the plaintiff alleges, that the said James W. Comely, at the time of said purchase by him at said sheriff's sale, had no notice whatever of any illegality in the demand for personal property, by said sheriff, of said James Joyce, and that said sheriff did in fact make demand for personal property of said Joyce before levy upon and sale of said real estate.

"And the plaintiff admits that it is true that said sheriff sold the said real estate in one body, and did not first offer the same for sale in parcels; but the plaintiff alleges that the defendant is estopped from impeaching said sale on said grounds, or either of them, because the said defendant was present in person at said sale of said real estate, and after the said sheriff had offered the rents and profits of said real estate for seven years, by the year, in parcels and in a body, and had received no bid therefor, and was about to offer for sale the fee-simple right of said defendant in said real estate in parcels, the said defendant requested the said sheriff not to offer the same for sale in parcels, but to

offer the same for sale in a body, alleging as a reason that the same would sell for more money in a body than it would if sold in parcels, and the said sheriff announced said request to the bystanders and bidders, and inquired if there were any objections to the sale of said real estate in a body, or if there was anybody who desired to bid on any parcel thereof, and there being no objection to the sale thereof in a body, and no one being desirous of bidding on any parcel thereof, the said sheriff did thereupon sell the same in a body as hereinbefore alleged, and the said defendant at the time of said sale made no claim whatever that the said levy was illegal, or that no sufficient demand for personal property had been made before said levy, but stood by and permitted said James W. Comely to make said bid and pay said three thousand dollars so bid by him without making any objection or giving said Comely any notice thereof whatever. Wherefore the defendant is now estopped," etc.

The defendant demurred severally to each paragraph of the complaint for want of sufficient facts, and the demurrers were overruled, and exceptions taken. The defendant also moved to strike out certain parts of the second paragraph, but this motion was overruled, and exception taken.

Issue, trial by the court, finding and judgment for the plaintiff, a new trial being refused.

Error is assigned upon the rulings of the court upon the demurrers and the motion to strike out, but the brief of counsel fails to point out any error in these respects, and we see none.

The remaining question for consideration arises upon the motion for a new trial.

No question arises on the motion except that which relates to the sufficiency of the evidence to sustain the finding; and, upon an examination of the evidence, we are clearly of the opinion that it was sufficient.

A large preponderance of the evidence, as we think, established the allegations of the second paragraph of the complaint in relation to the request of the defendant to have the land sold *in solido* and not in parcels. The law requiring land to be sold in parcels was intended for the benefit of execution defendants.  *Weaver* v. *Guyer*, 59 Ind. 195. The right to have land sold in parcels is one which an execution defendant can waive, and having waived it by a request that the land be sold all together, as an entirety, he cannot be heard to complain that it was thus sold. This proposition is, as we think, too clear to require the support of any authorities.

The purchaser of the land, not being the plaintiff in the execution on which it was sold, had the right to presume that the levy and sale were regular, and that the sheriff had taken all the steps, such as the demand of personal property, necessary in order to justify the levy upon the land.

But there was a tract of forty acres of the land, recovered in the action and embraced in the sheriff's sale, to which the defendant had no title at the time of the levy and sale.

An execution defendant, however, cannot set up his own want of title to land sold on execution against him, to defeat an action by the purchaser to recover possession. *Hobson* v. *Doe*, 4 Blackf. 487; *Harris* v. *Doe*, 3 Ind. 494; *Brownfield* v. *Weicht*, 9 Ind. 394; *Monroe* v. *Skelton*, 36 Ind. 302, 309.

No question has been made as to the purposes for which, or the circumstances under which, the plaintiff may purchase or hold real estate; and we decide nothing upon those points.

The judgment below is affirmed, with costs.