## MAVITY v. EASTRIDGE ET AL., ADMINISTRATORS.

JUDGMENT.—*Justice of Peace.—Confession without Affidavit.*—A judgment rendered by a justice of the peace, on confession, for a sum within his jurisdiction, without an affidavit by the defendant, though void as to creditors, is valid between the parties.

SAME.—*Informality does not render Void.*—An entry of judgment in such a case, showing an appearance by the defendant and his confession of judgment for a certain amount, with costs of confession duly taxed, is sufficient without the formal addition "It is therefore considered," etc.

SAME.—*Transcript in Common Pleas Court.—Execution from Circuit Court.*—On the abolishing of the common pleas court, the clerk of the circuit court had authority to issue executions on transcripts of judgments of justices of the peace, duly recorded and docketed in the common pleas court.

SAME.—*Execution without Affidavit.—Sheriff's Sale of Land.—Estoppel.*—An execution issued upon such a transcript, without an affidavit by the judgment plaintiff that the judgment is unpaid, is voidable merely, and not void; and a sale of lands upon such execution is valid, though, before sale, the judgment defendant might have had such execution set aside.

Mavity *v.* Eastridge *et al.,* Administrators.

SAME.—*Death of Judgment Plaintiff.*—*Execution by Administrator without Revivor.*—The administrator of a deceased judgment plaintiff may have execution without revivor of the judgment.

From the Orange Circuit Court.

*A. J. Simpson, W. Farrell, A. Noblitt* and *M. B. Williams,* for appellant.

*J. Baker,* for appellees.

WORDEN, J.—Isaac Eastridge, the appellees' intestate, recovered a judgment, before a justice of the peace of Orange county, in the following words, viz.:

" Isaac Eastridge
  *v.*
" Willey Eastridge,
" W. W. Parks.

" Complaint filed for collection, September 25th, 1871.

"A note.  Copy:

"On or before the first day of March, 1870, we or either of us promise to pay to the order of Isaac Eastridge, the sum of one hundred and seventy-five dollars, for value received of him, waiving valuation laws, this December the 1st, 1868.

   (Signed,)    " WILLEY EASTRIDGE,
           " W. W. PARKS."

"October 3d, 1871.  At request of plaintiff, the defendants appeared and confessed judgment in favor of the plaintiff, in the sum of two hundred and four dollars and eighty cents, with interest at six per cent. per annum, without any relief from appraisement laws, with costs of confessing judgment, taxed at fifty cents, on this 3d day of October, 1871.

 [SEAL.]      " JAMES DILLARD, J. P."

Following the judgment is this memorandum of fees :

  " J. P. fees for confession...................... .25
   Docket entry................................. .25
   Stay bond................................... .25
   Transcript .................................. .50."

On the same day, the same plaintiff recovered a similar judgment against the same defendants, before the same justice, upon a note, for the sum of one hundred and eighty-six dollars and eighty cents.

Afterward, duly certified transcripts of these judgments were filed in the office of the clerk of the court of common pleas of the county, and were duly recorded and docketed, so as to become a lien upon the real estate of the defendants therein.

Subsequently, executions were issued upon these judgments, by the clerk of the Orange Circuit Court, without any affidavit having been filed that the judgments had not been paid. The executions were levied upon certain lands, and, upon the sheriff's sale, the plaintiff became the purchaser thereof, at the sum of five hundred dollars, which amount he paid to the sheriff and received the sheriff's certificate of purchase. The money thus collected has been paid to the defendants as such administrators, and Willey Eastridge and William W. Parks, the execution defendants, are insolvent. These, we believe, are the material facts gathered from the complaint.

This action was brought to recover from the defendants the money thus paid by the plaintiff on the purchase of the land. A demurrer was sustained to the complaint, for want of sufficient facts, and judgment rendered for the defendants.

The plaintiff, appellant herein, assuming that the judgments themselves were void, and that if they were valid the executions issued upon them, without the affidavit mentioned, would be void, concludes that he took nothing by his purchase; and he claims that, inasmuch as the execution defendants are insolvent, and as the defendants herein have received his money in their capacity of administrators, without consideration, they are bound on equitable principles to return it to him.

Without considering what consequences would follow if the premises assumed were correct, we are of opinion that the premises can not be maintained. Neither the judgment nor the executions were void, and the plaintiff did not fail to receive title in consequence of any such supposed infirmity in the one or the other.

The judgments are not very formal. They do not, to be sure, contain the words "It is therefore considered," etc. But they show that the defendants appeared and confessed judgment for the amount stated, with costs of confessing the judgments, which the entry shows were taxed. We think it clear that the justice intended the entries thus made by him to be entries of judgments by confession, and that they legally operate as such.

Proceedings and judgments before justices of the peace are not required to have that formality that would be expected in higher courts. A writer observes that, " as justices of the peace, except in cities, rarely know any thing of the technical learning of the common or even of the statute law, to insist upon their keeping their records with that accuracy and formality required in courts of record, would end in the complete overthrow of most of their proceedings." Freeman Judgments, sec. 53. See, also, sec. 55, and note.

In *Fish* v. *Emerson*, 44 N. Y. 376, the following entry by a justice was held to be a valid judgment:

" *Fish* v. *Emerson*.    Testimony submitted June 30th, 1863.   Judgment for plaintiff; damages ........$124.20

3.92

——————

$128.12."

It may be observed that the judgments were good between the parties, and only void as to creditors of the judgment defendants for want of affidavits that the de-

fendants justly owed the debts.    2 R. S. 1876, p. 620, sec. 59.

We proceed to the other question involved.

The statute on the subject provides, among other things, that, "upon the plaintiff or his agent also filing with the clerk his affidavit that the judgment is unpaid, in whole or in part, stating the amount due, he shall issue an execution upon the judgment, and endorse the amount to be levied of principal, interest and costs; which execution shall be issued, served and returned in the same manner as executions issued upon judgments of the court of common pleas."  2 R. S. 1876, p. 236, sec. 541.

It may be proper to remark that, before the issuing of the executions, the court of common pleas was abolished, and the business thereof transferred to the circuit court, so that the executions were properly issued by the clerk of the latter court.  It may also be observed that the administrators could issue executions upon the judgments in favor of their intestate, without any revivor of the judgments.   2 R. S. 1876, p. 548, sec. 155.

For whose benefit is the affidavit, required by the statute to be made before the issuing of an execution, intended?   Clearly for the benefit of the defendant in the judgment.   It was intended to prevent the issuing of an execution after a judgment had been paid, or for the amount apparently due on the face of the judgment, where partial payment had been made.

It is well settled, on principle and by authority, that an execution issued under such circumstances is voidable, but not void; and that a purchaser of property under it acquires a good title, even if he had notice of its voidable character.   The reason is plain.   If the execution defendant, for whose benefit the affidavit is required, sees proper to waive it, and let the execution proceed, no one else has a right to complain.   He may know that nothing has been

paid on the judgment, and may well regard it as useless to require an affidavit of a fact of which he is cognizant. He may, if he move in time, have the execution set aside for the want of the affidavit ; but, if he neglect to do so, proceedings under it will be as valid as if the affidavit had been filed.

The case can not be distinguished in principle from that of an execution issued after the expiration of a year and a day from the rendition of the judgment, without a revivor.

The common-law rule on that subject is well known. Yet an execution issued after that time is not void, but voidable only. Says Mr. Freeman, in his work on Executions, sec. 29 :

" The consequences of issuing an execution after a year and a day are the same as the consequences of a premature issue. The writ is voidable, but not void. The defendant may take proceedings to have it set aside. If he chooses to interpose no objection to the irregularity, others can not do so for him. Even he can not attack it collaterally ; and a levy and sale made under it are sufficient to transfer his title." See the cases cited in the notes to the above section.

The following cases in this court are in point, in principle : Doe v. Harter, 2 Ind. 252 ; Doe v. Dutton, 2 Ind. 309 ; Culbertson v. Milhollin, 22 Ind. 362.

For these reasons, if for no other, we are of opinion that the court below committed no error in sustaining the demurrer to the complaint.

The judgment below is affirmed, with costs.