Marshall *et al. v.* Stewart.

---

No. 7657.

## MARSHALL ET AL. *v.* STEWART.

PARTITION.—*Pleading.—Title.—Chattel Mortgage.*—An answer to a complaint for partition of real estate, alleging that the plaintiff claims title through a sheriff's sale on a decree foreclosing a chattel mortgage executed by the defendant, who, at the execution of the mortgage, had no title, but afterward purchased and received a conveyance from a third person, is bad on demurrer.

SAME.—*Judgment.—Collateral Attack.—Sheriff's Sale.*—A judgment, under which the plaintiff in partition acquired his title at sheriff's sale, can not be questioned for mere error, by answer in the suit for partition.

SAME.—*Evidence.*—The record of a judgment of foreclosure, under which the plaintiff in partition claims title by virtue of a sheriff's sale, is proper evidence for the plaintiff, and if, by such judgment, it has been adjudged that the property was real estate, it is conclusive on that question.

PLEADING.—An answer to a complaint in two paragraphs, which is not sufficient as to both, is bad on demurrer.

PRACTICE.—*Admission of Evidence.—Harmless Error.*—The admission of immaterial evidence, under circumstances which can do no harm, as when the fact upon which it bears is otherwise conclusively proved, is not available error.

EVIDENCE.—*Sale.*—*Decree.*—*Record.*—When one affirms the validity of a sale upon a decree against him, and thereby secures a gain to himself and a loss to his adversary, and this appears by the record of another suit, that record is evidence against him in a subsequent suit in which he seeks to deny the validity of the sale.

MORTGAGE.—*Repairs by Mortgagee after Sale.*—A mortgagee in possession after sale on foreclosure is not entitled to compensation for repairs and improvements.

From the Shelby Circuit Court.

T. B. *Adams* and L. T. *Michener*, for appellants.

B. F. *Love*, C. *Ewing* and J. K. *Ewing*, for appellee.

ELLIOTT, C. J.—The appellee's complaint is for the partition of real estate.

The appellant Jasper N. Marshall filed a separate answer in two paragraphs, in both of which it is alleged that the plaintiff claims title, through a sheriff's sale made on a decree foreclosing a chattel mortgage, executed by the appellants; that, at the time the chattel mortgage was executed, he had no interest therein, nor had he any interest in the real estate described in the complaint; but that he afterwards purchased it, and received a deed from Andrew Jarrell. The second paragraph of the answer of Susan D. Marshall is, substantially, the same as that of her husband and co-appellant. The first is somewhat different, and we pass it for the present.

We think these answers are bad. The appellee's first paragraph of complaint avers that he is the owner of an undivided interest in fee simple of the real estate in controversy, and there is no denial of this allegation, nor is it in any way avoided. It may be true, as the answer alleges, that the appellee claims some title through a decree foreclosing a chattel mortgage, and yet true that he has a fee simple title independently of that acquired at the sheriff's sale. It may be true, and this is the fair inference from the answers, that the decree authorized the sale of the real estate; that the sheriff sold it according to law, and if so the appellee would take title even though the decree might have been erroneous. A sale under

an erroneous decree may vest title. The question whether the judgment was or was not erroneous can not be litigated in a collateral proceeding, such as the present action. The presumption is that the court rendered the proper judgment, and that the sheriff proceeded in accordance with law. 2 Jones Mortgages, section 1587.

It is a familiar rule of pleading, that an answer must respond to so much of the complaint as it professes to do, and it was, therefore, necessary for the appellants to make their answers sufficient as to both paragraphs of appellee's complaint, for they are addressed to both.

So far as the answers undertake to deny that the appellants had title when the mortgage was executed or the judgment rendered, they are clearly bad. Neither in the character of mortgagors, nor in that of judgment defendants, have the appellants any right to deny their own title. *Joyce* v. *The First National Bank, etc.*, 62 Ind. 188; *Turner* v. *First Nat. Bank, etc.*, 78 Ind. 19. The law upon this subject is thus laid down by a recent writer: " In ejectment by the purchaser under a mortgage foreclosure, the mortgagor is estopped from denying his own title at the date of the mortgage, and is also estopped from setting up an outstanding title to the premises in a third person." Rorer Judicial Sales, 2d ed., section 464.

After-acquired title enures to the benefit of the mortgagee. This is the general rule, and as the answers show no facts, taking this case out of the operation of the rule, it must prevail. We do not mean to declare that this rule always obtains, but we do declare that a mortgagor who seeks to defeat the right of his mortgagee must show a *prima facie* case entitling him to relief. We have in our own reports several cases strongly illustrating this rule, for it has been held that where a married woman joins with her husband in executing a mortgage upon his property, it becomes, upon the death of the husband, a lien on the vested right of the wife, because the after-acquired right enures to the benefit of the mortgagee. *Graves* v. *Braden*, 62 Ind. 93; *Hoadley* v. *Hadley*, 48 Ind. 452.

We need not consider the replies to these answers, for it is immaterial whether they were good or bad, for the reason that the answers are bad, and a bad reply is good enough for a bad answer.

The first paragraph of Susan Marshall's answer contains substantially the same allegations as those of the answers already considered, but contains the additional allegations that the property is real estate; that the mortgage on which the decree is based was executed on personal property; that the real estate is situated in Liberty township, Shelby county; that the property was sold by the sheriff at the door of the court-house in the town of Shelbyville and township of Addison, and that the property was not present at the sale. We regard this answer as subject to the same objections as those which have prevailed against the others already disposed of. It is confessed that there was a decree and sale, and there is nothing even to show that the judgment was not a proper one, much less to show that it was rendered without jurisdiction. We can not say, from the mere general statement that the decree was rendered upon a chattel mortgage, that it was erroneous, but if we could it would avail the appellant nothing in this collateral attack. The judgment of the court is conclusive, and there is nothing to show that this decree did not affix to the property the character of realty. It is not alleged that the court decreed the property to be personalty; on the contrary the plain inference is that it decreed the property to be real estate. Whether rightly or wrongly adjudged real estate we can not here enquire, for that question is one to be contested upon appeal or in some other direct attack.

The allegation is that "the mortgage was a chattel mortgage and executed upon the mill as a chattel and not as real estate," and this is by no means sufficient to entitle us to look behind the decree. The question is not whether the mill was or was not real property, but what did the decree of the court adjudge it to be? The appellants can not avoid the sale by alleging that the property was in fact personal; they must

show that the decree adjudged it to be such. We are not in this collateral way to search for and ascertain the character of the property, for to us the judgment of the court decreeing the foreclosure is conclusive.

We are not informed by the answer what the decree was, but, when considered in connection with the undenied allegations of the complaint, it is plain that the property was decreed to be real estate. The second paragraph of the complaint alleges that the appellee is the owner in fee of an undivided one-half of the property; that he acquired title by virtue of a sale·made by the sheriff upon a decree rendered by the Shelby Circuit Court; that at the time of the sale he received a certificate, and one year thereafter a deed. Without some facts showing affirmatively that the sheriff violated his duty, disobeyed the decree which was his warrant to sell, and sold personal property as real estate, we must presume that he did his duty, obeyed the decree, and sold the property as real estate because the decree so adjudged.

This answer is bad and we need not examine the replies.

On the trial of the cause the appellee introduced in evidence the record in the action in which the decree was rendered upon which the sale was made through which appellants claim title.

The judgment was a proper link in the appellee's evidence, for, where one claims title through a sale upon execution, he should show the judgment on which the writ issued. Unless there is something in the record itself showing it not to have been admissible, we must sustain the action of the court ruling it competent.

The contention is that the record, upon its face, shows that the property was personal and not real, and that, therefore, it was not competent evidence to prove title to real estate. If it were true that the judgment declares the property to be personalty, there would be much force in this position. We do not understand the decree to so declare. The description

of the property given in the decree, and the language used, the directions as to sale, and the like, very clearly show that the property was treated as realty, and not as a chattel. Where a decree, pronounced by a court having jurisdiction, adjudges mortgaged property to be real estate, a mortgagor, who is a party to the action wherein the decree is rendered, can not, in an action to recover possession under a sale made upon the decree, be heard to aver that the property covered by the mortgage was personalty.

The position of the appellants is, that the mortgage, which was the foundation of the foreclosure suit, shows upon its face that it was not land, but a chattel, that was mortgaged. We can not consider this question without disregarding the judgment of the court. Between us and that question is the judgment, which is in full force. It is not for us to consider, in this collateral proceeding, whether it was right or wrong to hold the mortgage to be upon real property. Our duty ends with determining that there,is a judgment establishing the fact that the property was land.

Where it becomes necessary to the decision of a case to construe a written instrument, the construction adopted is conclusive until the judgment is reversed or set aside. In decreeing the foreclosure of a mortgage, the court necessarily decides upon the character of the property mortgaged, and its decree becomes the warrant of the sheriff to sell. The decree is as conclusive upon the question of the kind of property covered by the mortgage, as upon any other question in the cause. It is even conclusive as to the location and identity of the property ordered to be sold.

We can not see that the appellants were prejudiced by the admission of testimony as to the location and general description of the construction of the mill and appurtenances. If it was immaterial, as appellants say, it could have done no harm. The record evidence entitled the appellee to a recovery, and the introduction of incompetent evidence could not have overthrown or impaired this right.

A transcript of the record of the proceedings in an action, brought by the appellee against the appellant Jasper N. Marshall, was permitted to go in evidence. This record shows that the appellant relied upon the sale which he now seeks to avoid as a defence to that action, and made it available to such an extent as to reduce the appellee's claim in a very considerable amount. We look upon this evidence as entirely competent, for it shows that the appellant affirmed, in a very emphatic manner, the validity of the very sale and judgment which he now assails. Where one affirms the validity of a sale made upon a decree entered against him, and by doing so secures a substantial benefit to himself and causes an actual loss to his adversary, it is evidence against him when, at a subsequent time, he attempts to overthrow the sale.

We are not embarrassed with any question as to what would have been the effect of admitting this evidence against Susan Marshall, for the court refused to admit it as against her, and allowed it to go against her husband alone.

The court did not allow the appellant anything for repairs or improvements, nor the appellee anything for rent. We are satisfied that the appellant, at least, has no just cause of complaint. A mortgagor in possession is not entitled, as against his mortgagee, to compensation for repairs or improvements. Nor is an execution defendant entitled to compensation for repairs or improvements made during the year allowed for redemption. *Wharton* v. *Moore*, 37 Am. R. 627.

Judgment affirmed.