Martin v. Prather.

---

No. 9444.

MARTIN v. PRATHER.

JUDGMENT.—*Justice of the Peace.*—*Transcript Filed More Than Ten Years After Rendition.*—*Sheriff's Sale of Land not Void, but Voidable Only.*—A sheriff's sale of lands under an execution issued upon a transcript of a judgment of a justice of the peace, filed more than ten years after its rendition, is not void for want of revival and leave of court, but is voidable only in a direct proceeding by the execution defendant, instituted before the sale.

SAME.—*Lien.*—*Sale.*—Although, under section 614, R. S. 1881, such a judgment may not become a lien upon the real property of the defendant, there may be a valid sale of the land to an innocent purchaser to satisfy it.

SAME.—*Certificate of Justice and Affidavit of Non-Payment.*—*Presumption.*—It will be presumed in aid of such sale, the contrary not appearing, that the necessary certificate of the justice and affidavit of the plaintiff, or his agent, were filed before issuing the execution.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby,* for appellant.

*W. S. Shirley,* for appellee.

FRANKLIN, C.—Appellant sued appellee to set aside a sheriff's sale of a tract of land to appellee, alleging that the judgment was void upon which the execution issued under which the land was sold.

A demurrer to the complaint was sustained; the plaintiff refused to amend, and judgment was rendered on the demurrer, for appellee for costs.

The sustaining of the demurrer to the complaint is the only error assigned.

The complaint alleges that on the 3d day of February, 1863, a judgment was rendered before a justice of the peace in said county, against the plaintiff, for the sum of $60; that on the 29th day of April, 1879, a transcript of the same was filed in the clerk's office of said county; on the 15th day of May, 1879, an execution was issued thereon, and placed in the hands of the sheriff of said county, who levied the same upon said real estate (describing it), and sold the same to appellee on the 30th day of August, 1879; that prior thereto said judgment had not been revived; that the sale was made upon a void judgment, and prays to have it set aside and held for naught.

Appellant insists that the judgment could not be made a lien upon real estate after ten years had expired since its rendition, by a transcript thereof being filed and recorded in the clerk's office, and that all the proceedings thereafter had thereon were absolutely void, and conveyed no title to the land sold.

True, the filing of a transcript after the ten years had expired would not make the judgment a lien upon real estate, but, notwithstanding this, the judgment, for that reason, was not void or satisfied; it remained valid, and could be enforced at any time within twenty years from its rendition.

The statute of ten years limitation upon the liens of judgments is only intended to protect parties purchasing, or liens thereon, and does not prevent the sale of lands after the ten years to satisfy the judgment.

The record not showing the contrary, the presumption is that the necessary certificate of the justice and affidavit of the execution plaintiff were filed before issuing the execution; though if not, the issuing of an execution by the clerk, upon a transcript of a judgment before a justice of the peace, without the necessary certificate, that an execution had been issued by the justice, and returned no property found, and the affidavit of the judgment plaintiff, or his agent, that the judgment was unpaid, in whole or in part, and stating the amount due, according to the 541st section of the code, would certainly be irregularities that the judgment defendant might have stopped and remedied at any time before the sale. In this case the purchaser at the sale was a stranger to the judgment. The execution is presumed to be regular upon its face, and the purchaser is not chargeable with any irregularities in its issuing, and as to such irregularities he is an innocent purchaser, and the sale is valid. *Doe* v. *Harter*, 2 Ind. 252, and authorities therein cited; *Doe* v. *Dutton*, 2 Ind. 309; *Mavity* v. *Eastridge*, 67 Ind. 211.

We think these cases settle everything connected with this question against appellant, and hold that these proceedings are only voidable, and not void; and if not interfered with before the sale, it is valid.

And this conclusion is fully sustained by Freeman on Executions, section 29. See also the case of *Bagley* v. *Ward*, 37 Cal. 121.

The fact that no steps were taken to prevent the sale raises

a presumption that the judgment remained unpaid, and no equity appears in the appellant's claim.

There was no error in sustaining the demurrer to the complaint. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.