Hollcraft v. Douglass.

No. 11,943.

HOLLCRAFT v. DOUGLASS.

SHERIFF'S SALE.—*Principal and Surety.*—A sale of property belonging to a surety before the property of the principal has been exhausted, as required by the judgment, is not available to defeat the sale at the suit of a third person.

SAME.— *When Will not be Set Aside, Even if Void.*—A sheriff's sale, whether void or voidable, under which third persons have acquired rights, will not be set aside at the suit of a judgment creditor where the latter may, by an ordinary execution, reach other property of his debtor in satisfaction of his judgment.

SAME.—*Priority of Judgment Liens.*—Judgments rendered against a debtor by the same court upon the same day have no priority over each other, but the person who first obtains an execution and levy secures a lien superior to that of the other judgment creditors.

SAME.—*Irregularities.*—*Not Available to Judgment Creditor.*—A sheriff's sale will not be set aside, on account of irregularities, in an action by a judgment creditor.

SAME.—*Description.*—*Levy.*—*Presumption.*—Where real estate has been sold and conveyed by a sheriff by a correct description, it will be presumed, in a suit by a judgment creditor to set the sale aside, the contrary not being shown, that the property was correctly described in the levy.

SAME.—*Notice of Irregularities.*—*Innocent Purchaser.*—*Judgment Surety.*—A surety in a judgment, who purchases the property of his principal at a sheriff's sale made upon the judgment, is not bound to take notice of irregularities in the sheriff's proceedings, and, in the absence of actual notice thereof, he is entitled to protection as a third party and innocent purchaser.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*W. R. Moore, J. V. Kent* and *J. W. Merritt,* for appellee.

ZOLLARS, J.—Hollcraft claims title to lots 3, 5 and 6 in Joseph Baum's addition to the city of Frankfort, through a sheriff's sale.

Douglass claims that that sale was and is void, and asks in his complaint that it be so declared, and that the lots be subjected to execution in satisfaction of two judgments of which he is the owner.

So far as material here, the substance of his complaint is, that, on the 13th day of October, 1875, and at the October term of the Clinton Circuit Court, one John Shaff recovered a judgment against him and Joseph Baum; that, on the same day, said Shaff also recovered a judgment against said Baum and one Isaac D. Armstrong; that he, Douglass, and Armstrong, were sureties for Baum and were respectively so adjudged; that, on the 19th day of February, 1876, Shaff assigned the first above mentioned judgment to him, Douglass, and, on the same day, assigned the other judgment to Armstrong, who assigned it to him on the 27th day of September, 1882; that, at the time those judgments were rendered, Baum was the owner of the lots above mentioned, and that the judgments became liens thereon.

Hollcraft's counsel argues the case upon the theory that a judgment in favor of the First National Bank of Frankfort against Baum and others, and upon which his claim of title rests, was rendered at the October term, 1875, of the Clinton Circuit Court.

The argument of counsel for Douglass is upon the theory that that judgment was rendered at the October term, 1876.

The record shows upon its face that in copying the complaint into the record, the date of the judgment was first written as of the October term, 1875. A figure six seems to have been subsequently written over the figure five, thus changing the date to 1876. Doubtless, the clerk, in making up the record, made the change by some sort of mistake. To read the date as 1876, would make the complaint contradictory and inconsistent with itself. It shows by other averments that an execution was issued upon the judgment in August, 1876; that the execution was levied upon real estate, and that the real estate thus levied upon was offered for sale by the sheriff in September, 1876. Such could not have been the case, had the judgment not been rendered until October, 1876. Looking to the several averments, we must

dispose of the case upon the theory that the bank judgment was rendered at the October term, 1875.

The substance of the complaint in relation to that judgment, then, is that at the October term, 1875, of the Clinton Circuit Court, the First National Bank of Frankfort recovered a judgment for $1,055 against said Joseph Baum as principal, and Henry M. Baum and said Armstrong as sureties; and that, by the terms of the judgment, the property of the principal was first to be exhausted in satisfaction of the judgment; that an execution was issued on the judgment on the 25th day of August, 1876, by which the sheriff was commanded to make the amount from the property of the judgment defendants, first exhausting the property of the principal; that the sheriff levied the execution upon certain described real estate belonging to Armstrong, and upon three lots which belonged to the principal, Joseph Baum, and which were described in the levy as "lots 3, 5 and 6, in Clinton county, Indiana;" that the principal, Baum, at the time of the levy, owned other real estate of sufficient value to satisfy the execution, and that the sheriff failed to levy upon and exhaust it before taking the property of Armstrong; that the sheriff, after advertising the real estate levied upon, "as required by law," offered the same for sale on the 23d day of September, 1876, and subsequently returned the execution showing that, for the want of bidders, the property was not sold; that, on the 5th day of March, 1877, a *venditioni exponas* was issued commanding the sheriff to sell the property so levied upon, and to make the amount of the judgment and costs; that, under that writ, the sheriff made a "pretended levy" upon the same property, and again described the lots as lots "3, 5 and 6, in Clinton county, Indiana;" that, on the 31st day of March, 1877, the sheriff made a "pretended sale of the property as described above" to Henry M. Baum, "pretending to act under said writ," and executed to him a certificate of purchase; that, on the 3d day of April, 1878, said Baum assigned the certificate to

Hollcraft; that, on the 22d day of November, 1878, the sheriff executed to Hollcraft a deed for said property, and described the lots as lots 3, 5 and 6, in Joseph Baum's addition to the city of Frankfort.

Taking all of the averments of the complaint together, the claim is that the sale was and is void, because the lots were levied upon, advertised and sold as " lots 3, 5 and 6, in Clinton county, Indiana," and not by the correct description of " lots 3, 5 and 6, in Joseph Baum's addition to the city of Frankfort;" for the reason that the sheriff levied upon and sold real property of the surety Armstrong, the principal, Baum, at the time owning real estate upon which the judgment was a lien, by the sale of which the judgment might have been made; and for the reason that the sheriff sold *in solido* the land belonging to Armstrong and Baum.

It is further averred that had each parcel been sold separately, the amount of the judgment might have been made without the sale of said lots 3, 5 and 6.

These claims, it will be seen, are not very consistent. The claim that the sale was void because property of the surety was taken before exhausting the property of the principal, is not consistent with the other claim, that, had the property of the surety been separately sold, the amount of the execution might have been made without the sale of the principal's property under execution.

. Douglass had no right to demand that the real estate of the surety should be first sold, nor has he a right to complain that it was sold before all the property of the principal was exhausted in satisfaction of the execution, if such was the case. Those are questions which concern the principal and his surety, and not Douglass.

The complaint, besides being contradictory in theory, as already stated, is infirm in other respects. The remedy which Douglass seeks is an extraordinary one, and there is nothing in the complaint to show that he might not have made, and may not now make, the amount of his judgments

by an ordinary execution against the property of Joseph Baum, his judgment debtor. It is not shown by any averment in the complaint that he was or is insolvent, or that he has not property, real and personal, out of which the amount of the judgments held by Douglass might be made by an ordinary execution. On the contrary, it is averred that, at the time of the levy of the bank execution and the sale thereunder, he had real estate, aside from the lots in question here, upon which the bank judgment was a lien, and by the sale of which the amount of that judgment might have been made. It is not shown that the judgments held by Douglass were not, or are not, liens upon that real estate, nor that it was not, or is not, entirely sufficient to satisfy those judgments; nor yet, that it may not be reached and applied in satisfaction of those judgments by an ordinary execution.

That Joseph Baum was justly indebted to the bank, is conclusively shown by the judgment in its favor against him; that Henry M. Baum purchased the lots at sheriff's sale, and that his money was applied in satisfaction of the bank judgment, and that the certificate of purchase executed to him by the sheriff was, for a valid consideration, by him assigned to Hollcraft, is shown by other averments in the complaint. The bank debt must be assumed to have been an honest debt, and Joseph Baum is making no question as to the validity of the sale of the lots by the sheriff. The bank judgment and those held by Douglass were taken at the same term of the same court. The date of the former is not given in the complaint. For aught that is made to appear, it may have been prior in date, and hence superior as a lien upon the lots in question to the judgments held by Douglass.

The law will not sanction a resort to an extraordinary remedy for the collection of a judgment, when it may be collected by an ordinary execution, and, especially, when a resort to such extraordinary remedy will cause loss or trouble to third persons. Such is the rule with regard to proceedings

supplementary to execution, with regard to the setting aside of fraudulent conveyances, and with regard to a proceeding for an execution against the body. *Baker* v. *State, ex rel.*, 109 Ind. 47, and cases there cited. ·

It is the rule which must be applied here, and which condemns the complaint. And that is so, whether the sheriff's sale be regarded as void or voidable merely. As already stated, the bank debt was a valid one, and, for aught that is made to appear, its judgment was the oldest and the superior lien upon the lots.

Henry M. Baum and Hollcraft have parted with their money. It was applied in payment of the bank judgment. Joseph Baum, the owner of the lots, makes no question as to the validity of the sheriff's sale, and, for aught that is made to appear, Douglass can collect the amount of his judgments from Joseph Baum by an ordinary execution, without entailing loss upon Hollcraft. The demurrer to the complaint should have been sustained.

Douglass made no better case by the proof than by his complaint. He introduced no proof showing, or tending to show, that he can not collect the amount of his judgments by an ordinary execution against the property of Joseph Baum.

The proof shows that his judgments and the bank judgment were rendered by the same court on the same day. Neither, therefore, had priority as a lien upon the real estate of the judgment defendants. So far as shown, no execution has been issued upon Douglass' judgments and levied upon the lots in question. The execution on the bank judgment, having been first issued and levied upon the lots, gave to the bank a lien superior to that in favor of the owner of the other judgments. *Elston* v. *Castor*, 101 Ind. 426, and cases there cited.

It is alleged in the complaint, as we have seen, that the sheriff levied upon the lots as · " lots 3, 5 and 6, in Clinton

county," but the proof does not show that the levy was so made.

As a part of the return to the execution of August 25th, 1876, the sheriff stated as follows: " I levied on the following real estate, to wit (here insert), see according to advertisement." The advertisement referred to is not set out in the record, nor is its language or substance given. We have no means, therefore, of knowing certainly what it was, in the way of describing the real estate levied upon. Presuming, as we must, in favor of the regularity of the proceedings on the part of the sheriff, we must presume that the lots in question were properly described in the levy. That presumption is strengthened here by the statements of the clerk in the second writ. In reciting in that writ the sheriff's return to the first execution, he gives the full and correct description of the lots.

In the sheriff's return to the second writ he states that he levied it upon the lots, giving the full and correct description, and that he advertised them for sale by that description for more than twenty days successively before the day of sale, by posting notices in three public places in the township in which they are situated, by a like notice at the door of the court-house, and by advertising the same for three weeks successively in a newspaper of general circulation printed and published in the county.

The fair interpretation of the return also is, that the lots were sold by the same description. They are correctly described in the sheriff's deed, and for aught that is shown they were correctly described in his certificate of sale.

We need not indicate any opinion as to the authority of the sheriff to make a second levy upon the same property under the second writ, nor as to the propriety of his so doing. It is sufficient here that it is not shown that he did not correctly describe the lots in the first levy; that he made a levy upon the lots under the second writ, in which they were

correctly described; that they were sold and conveyed by a correct description, and that Joseph Baum, the owner of the lots, neither before nor since the sheriff's sale, made, or has made, any question as to the regularity of the sheriff's proceedings. See *Richey* v. *Merritt*, 108 Ind. 347.

The sale, clearly, so far as shown, was not void, and to concede that the proceedings on the part of the sheriff were irregular would not help Douglass' case. He was a judgment creditor only. A sheriff's sale will not be overthrown on account of irregularities, in an action by such a judgment creditor. *Johnson* v. *Murray*, 112 Ind. 154; *Jones* v. *Carnahan*, 63 Ind. 229.

The court below, over Hollcraft's objection, admitted in evidence notices of the sale as published in a newspaper. In some of the publications the lots were described, not as lots 3, 5 and 6 in Joseph Baum's addition to the city of Frankfort, as they should have been, but as lots 3, 5 and 6, in Clinton county, Indiana.

If it should be conceded that that evidence was properly admitted, there was yet some notice of the sale, for there is nothing to show that it was not advertised by posting as stated by the sheriff in his return to the second writ; and, in addition, in some of the published notices the lots were correctly described.

The evidence as to the contents of some of the published notices was, really, in contradiction of the sheriff's return. Without entering into an examination as to its competency, we feel quite sure that it was not sufficient to overthrow the title which Hollcraft has through the sheriff's sale. Neither he nor Henry M. Baum, the purchaser at the sheriff's sale, was the execution plaintiff, and, therefore, bound to take notice of irregularities in the notices of the sale, or in other proceedings by the sheriff. Henry M. Baum was a judgment debtor, as surety for Joseph Baum in the bank judgment, but that was not sufficient to bind him to take notice of irregularities in the proceedings by the sheriff, as an exe-

cution plaintiff is bound to take notice. So far as shown, he had no actual notice of any irregularities, and, in the absence of such knowledge, he was entitled to protection as a third party and innocent purchaser. See *White* v. *Cronkhite*, 35 Ind. 483; *Meredith* v. *Chancey*, 59 Ind. 466; *Armstrong* v. *Jackson*, 1 Blackf. 210 (12 Am. Dec. 225); *Joyce* v. *First Nat'l Bank*, 62 Ind. 188; *Martin* v. *Prather*, 82 Ind. 535; *Mavity* v. *Eastridge*, 67 Ind. 211; *Jones* v. *Kokomo Building Ass'n*, 77 Ind. 340.

It is alleged in the complaint that a part of the real estate sold by the sheriff belonged to Armstrong, and a part to Joseph Baum, and that it was sold together and not in separate parcels, but there is nothing in the proof to support those allegations. For aught that is made to appear, all of the property sold may have belonged to Joseph Baum. Nor is it shown that the several pieces of property were sold together, without first offering each separately.

Many other questions are discussed by counsel, but we think it unnecessary to extend this opinion to decide them. It results from what we have said, that the court below not only erred in overruling the demurrer to the complaint, but also in overruling appellant's motion for a new trial.

Judgment reversed, with costs, and the cause remanded, with instructions to the court below to sustain the motion for a new trial and the demurrer to the complaint.

As appellee has died since the submission of this cause, and his heirs at law have been substituted, the judgment is reversed at their costs.

Filed June 12, 1888.