HERMAN GERECKE ET AL., PLAINTIFFS IN ERROR, V.
M. CAMPBELL, DEFENDANT IN ERROR.

1. **Dormant Judgment:** EXECUTION. An execution issued
   on a dormant judgment, although irregular and voidable, is not
   void, and money paid in discharge thereof, either with or without
   protest, *Held,* To be a voluntary payment not recoverable back
   by action.

2. ———: ———. The above rule, *Held,* Applicable to a case
   where payment was made on an execution issued on a dormant
   judgment before a justice of the peace.

ERROR to the district court for Madison county. Tried
below before CRAWFORD, J.

*Robertson & Campbell* and *N. A. Rainbolt,* for plaintiffs
in error, cited: *Herman v. Edson,* 9 Neb., 157. *Foster v.
Pierce County,* 15 Neb., 48. *Manzy v. Hardy,* 13 Neb.,
37. *Mays v. Cincinnati,* 1 Ohio St., 278. *City of Marietta
v. Slocomb,* 6 Ohio St., 471. *Phillips v. Jefferson County,*
5 Kas., 412.

*Brome, White & Mapes,* for defendant in error, cited:
*Boston Glass Co. v. Boston,* 4 Metc., 181. *Grim v. School
Dist.,* 57 Penn. St., 434. *Cobb v. Charter,* 32 Conn.,
361. *Chandler v. Sanger,* 114 Mass., 364. Cooley on
Torts, 507. *Harmony v. Brigham,* 12 N. Y., 99. *Chand-
ler v. Sanger,* 114 Mass., 364. *First Nat. Bank v. Wat-
kins,* 21 Mich., 483.

COBB, J.

This cause may be stated as follows: Judgment was
rendered by a justice of the peace of Madison county in
favor of W. A. Knowlton against Moses Campbell, on the
12th day of February, 1877. On July 18, 1883, more
than five years after the rendition of the judgment, an ex-

ecution was issued thereon, and placed in the hands of John O'Banion, a constable, for service. The constable levied the same on a crop of growing corn, whereupon Campbell, after some remonstrance and claim on his part that the judgment was dormant, agreed to pay the same, and did pay $25 to the constable to apply on the same, and shortly thereafter sent his son to the justice's office to pay the balance, and did pay $97 additional, making in all $122 to apply on the judgment. Afterwards, Campbell demanded the return of the money from the justice, as having been paid through duress, and the same being refused, brought this action in the district court against the justice and his sureties for the same.

Issue being joined, the cause was tried to a jury, which found for the plaintiff $148.36, with costs.

The cause is brought to this court on error by the defendants, who assign the following grounds of error:

I. The court erred in refusing to give instructions Nos. 2 to 12 inclusive, as asked by the defendants.

II. The court erred in giving instruction No. 2, asked by the plaintiff.

III. The court erred in giving paragraphs 1, 2, 3, and 4 of his charge.

IV. The court erred in overruling the motion for a new trial.

In the discussion of the case, as well at the bar as in the briefs of counsel, they seem to be agreed that the question presented is one of duress, or voluntary payment, and on either side they cite about all of the cases to be found on those general subjects. I do not deem it necessary to follow counsel into an examination of these cases, instructive as many of them are, for the reason that there are an abundance of cases, as well as of other authority, specially applicable to cases like the one at bar.

Section 29 of Herman on Executions—an authority cited by counsel for defendant in error—is devoted to the

discussion of the validity of executions on dormant judgments. I quote from the text: "The consequences of issuing an execution after a year and a day are the same as the consequences of a premature issue. The writ is voidable, but not void. The defendant may take proceedings to have it set aside. If he interposes no objection to the irregularity, others cannot do so for him. Even he cannot attack it collaterally, and a levy and sale made under it are sufficient to transfer his title." To this the author cites twenty-nine American and English cases. Most of these I have examined, and found to fully sustain the text. The author continues: "The decisions made under the English statutes, requiring the original execution to issue within a year and a day, seem to be equally applicable where executions have issued at too late a day under American statutes."

Section 30 of the work from which we are quoting is devoted to the subject of the validity of executions on dormant judgments as between the parties. "In the case of *Blanchenay v. Burt*, in the court of Queen's Bench, the action was for false imprisonment. The defendant justified the imprisonment under a *ca. sa.* issued in a suit of *Burt v. Blanchenay*; the replication showed the *ca. sa.* to have been issued after a year and a day, without any revivor by *scire facias* or otherwise. The defendant was held to be protected by his writ. The only redress which the defendant has, when execution has improperly issued on a dormant judgment, is by motion to quash such execution. The defendant, if he does not make such motion in a reasonable time, by his delay assents to the irregularity. The defendant is put to a *scire facias*, that the defendant may have an opportunity of showing that the debt is paid, and as it is intended for his benefit, he may dispense with the writ, either by express agreement, or by conduct which amounts to a waiver, and this, in fact, is frequently done when the defendant is aware that the debt is not paid, or otherwise

satisfied.   When an irregularity has occurred it is the duty of the opposite party to take advantage of the defect at the earliest opportunity; otherwise, in consequence of his own laches, he will be decreed to have waived every advantage arising from it," etc.   After citing many cases to the above, the section concludes thus : "While we believe it to follow, from the latest and best considered cases, that an execution issued after a year and a day is, until set aside, valid between the parties to the writ, yet there are not wanting several American decisions maintaining that such writ is so far a nullity that the plaintiff who sued it out can neither justify under it, nor acquire title through it," citing three cases.

The case of *Miller v. Curry*, 17 Neb., 321, cited section 473 of the code, which provides that, "If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment," and held that, "The provisions of the code for the revival of actions and judgments apply to actions before justices of the peace."

This case was followed and approved by the later ones of *Hunter v. Leahy & Co.*, 18 Id., 80, and *Dennis v. Omaha Nat'l Bank*, 19 Id., 675.

It therefore follows, as I think, that while the judgment against the defendant in error was, at the time of the issuance of the execution, dormant, and the issuance of such execution irregular, yet it was competent, by procedure, to have issued a regular execution thereon, and this procedure it was competent for the defendant to waive.   By failing to take steps setting aside the said execution, and in paying the same, to the extent that he did, he did waive such procedure; and it is worthy of remark that it appears from his own testimony, as well as from the contention of his counsel, that he paid the money which he afterwards sought to recover back with full knowledge that the judgment on which the execution was issued was dormant.

The judgment of the district court is reversed, and the cause remanded, with the direction that it be dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.