Gillespie v. Switzer.

JOHN W. GILLESPIE V. DEIDRICH SWITZER.

FILED FEBRUARY 6, 1895. No. 6047.

Executions: SALE UNDER DORMANT JUDGMENT: COLLATERAL ATTACK. A sale on an execution issued upon a dormant judgment is merely voidable, and neither such sale, nor the title acquired thereunder, can be assailed in a purely collateral proceeding.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Davis & Hibner*, for plaintiff in error:

Execution sale of real estate is not justified under a dormant money judgment. (*Hervey v. Edens*, 6 S. W.

Rep. [Tex.], 306; *Barron v. Thompson*, 54 Tex., 235; *Norton v. Beaver*, 5 O., 178; *Miner v. Wallace*, 10 O., 403; *Bassett v. Proetzel*, 53 Tex., 569; *Deutsch v. Allen*, 57 Tex., 89; *Smith v. Dickson*, 9 Ga., 400; *Moseley v. Sanders*, 76 Ga., 293; *Hoskins v. Helm*, 14 Am. Dec. [Ky.], 133; *Godbold v. Lambert*, 70 Am. Dec. [S. Car.], 192; *Stone v. Gardner*, 20 Ill., 304.)

The same rule applies to judgments at law and decrees in equity. (*Cooms v. Jordan*, 22 Am. Dec. [Md.], 236.)

*Harwood & Ames, contra:*

A levy and sale under a dormant judgment is not void, but merely voidable; and such sale cannot be attacked collaterally. It is sufficient, until vacated by direct proceedings. (*Hinds v. Scott*, 11 Pa. St., 19; *Brown's Appeal*, 91 Pa. St., 485; *Yeager v. Wright*, 112 Ind., 230; *Martin v. Prather*, 82 Ind., 535; *Eddy v. Coldwell*, 31 Pac. Rep. [Ore.], 475.)

RYAN, C.

This action was brought in the district court of Lancaster county to recover possession of a certain described tract of land, together with rents which had accrued during its alleged detention. A jury was waived, and, upon a trial had, there was a judgment in favor of the defendant. Both parties claimed title through George H. Baker, who in 1873 owned the real property with reference to which this suit was begun. On September 13 of the year last named the property was mortgaged by Baker to Sloss & Smith. On the 20th day of April, following, Baker conveyed the aforesaid property to Luther L. Pease. Sloss & Smith began a foreclosure proceeding under their mortgage in September of 1874, and a final decree was entered on December 1 thereafter. By *mesne* conveyance plaintiff herein was vested with such interest as had been held by Pease, and on the claim that he was the owner of the property he

sought to recover it from the defendant, who, in his own behalf, insisted that he held the superior title. The questions urged arose out of the fact that although Sloss & Smith obtained their decree of foreclosure on December 1, 1874, there was issued no order of sale for its enforcement until January 19, 1880,—a period of over five years. As the title of defendant was derived through proceedings under said order of sale, the validity of these proceedings are questioned, because they were had under a decree for the enforcement of which no process had issued for a continuous period of more than five years previous to the issue of the aforesaid order of sale. An ordinary judgment for the recovery of money only, it is conceded by the defendant, would become dormant under the circumstances stated by virtue of the provisions of section 482 of the Code of Civil Procedure, but it is urged that there exists a clear distinction in this respect between a decree and a judgment of the character indicated. The effect of section 2 of the Code of Civil Procedure, it is asserted by plaintiff, was to abrogate all distinctions between actions at law and suits in equity. Possibly, this may be correct, and it is possible that in section 1105, Code Civil Procedure, the provision that the words "decree should mean judgment" has a direct bearing upon this proposition. It is not necessary, however, to determine this question, for, if it should be conceded for the sake of the argument that the position of the defendant is correct, there would then arise the question whether a sale under an execution issued upon a dormant judgment is absolutely void or merely voidable. Plaintiff insists that such a sale would be void, and, therefore, that it might, as in this case, be collaterly attacked, while the defendant, with equal tenacity, contends that the sale would at most be but voidable, and that, therefore, no question of its validity could be tolerated in a collateral proceeding.

In *Hinds v. Scott*, 11 Pa. St., 19, this question was discussed in the following language: "As between debtor

and creditor the land of the former is as accessible to the latter in payment of his debt as would be a horse or any other personal chattel, and a complaint that either species of property was applied in discharge of an unrevived judgment is entitled to equal favor. The question in this aspect of it has nothing to do with the lien of the judgment. It is simply a question whether the property of a debtor is liable to be sold in satisfaction of an execution issued against him. It would be strange, indeed, if, in Pennsylvania, such a debtor, seized of real estate, could hold his creditor at arm's length until he had revived his judgment under the act of 1798. True, there ought regularly to be a *sci. fa. post annum et diem;* but this is equally necessary where the object is the seizure of personalty. It is objected that there is none such here. Had this objection been made by the defendant in proper time the execution against him must have been set aside. But it is an irregularity insufficient to avoid the sheriff's sale, and, therefore, cannot be taken advantage of in this collateral proceeding. Indeed, it lies only in the mouth of the defendant himself to take the exception in proper time, for he may choose to, and frequently does, waive the writ of *sci. fa.* It is intended for his personal protection. Should he choose to suffer his land to be sold by execution without it, neither he, nor those claiming under him, can afterwards be permitted to call in question the validity of the sale; more especially this cannot be done, as is here attempted, in a collateral action of ejectment. (*Vastine v. Fury*, 2 Serg. & R. [Pa.], 426 ; *Bailey v. Wagoner*, 17 Serg. & R. [Pa.], 327; *Spear v. Sample*, 4 Watts [Pa.], 373.)"

In *Yeager v. Wright*, 112 Ind., 230, it was said: "The validity of a judgment, for the purpose of having execution upon it, is not impaired because, by the expiration of ten years, it has ceased to be a lien upon real estate. This was practically, as well as correctly, settled by the case of *Martin v. Prather*, 82 Ind., 535. The doctrine that an execu-

tion issued on a dormant judgment, without a revival or leave of court, is not void, but only voidable against direct proceedings to have it set aside or annulled, was also reaffirmed in that case. On that subject see, also, the cases of *Mavity v. Eastridge*, 67 Ind., 211, and *Richey v. Merritt*, 108 Ind., 347."

This question was fully considered in *Eddy v. Coldwell*, 23 Ore., 163, with the same result reached in the cases above cited.

In *Gerecke v. Campbell*, 24 Neb., 306, there was presented but one question, and that was the right of a debtor to recover back a payment which he had made upon a dormant judgment. The language used by Judge Cobb, in illustrating the views of this court, is so apposite to our present subject of inquiry that it may profitably be reproduced. He said: "Section 29 of Herman on Executions—an authority cited by counsel for defendant in error—is devoted to the discussion of the validity of executions on dormant judgments. I quote from the text: 'The consequences of issuing an execution after a year and a day are the same as the consequences of a premature issue. The writ is voidable, but not void. The defendant may take proceedings to have it set aside. If he interposes no objection to the irregularity, others cannot do so for him. Even he cannot attack it collaterally, and a levy and sale made under it are sufficient to transfer his title.' To this the author cites twenty-nine American and English cases. Most of these I have examined, and found to fully sustain the text."

The views above expressed meet our approval, and this conclusion dispenses with the necessity of examining other questions urged. The judgment of the district court is

AFFIRMED.