BELLE FURER ET AL. V. CHARLES T. HOLMES.

FILED MARCH 8, 1905.   No. 13,739.

1. **Judgment: REVIVOR.** Where an affidavit in a proceeding to revive a judgment alleges the existence of the judgment, the fact that it is unpaid and that it has become dormant, these allegations are sufficient to justify the district court in making a conditional order of revivor, and upon proper service and default to sustain an order making the revivor absolute.

2. **Limitation: PRESUMPTION.** The five years' lapse of time from the rendition of a judgment or the issuance of an execution thereon to the time that a judgment becomes dormant, only raises the presumption of payment thereof, and does not deprive the judgment of all vitality. *Wright v. Sweet*, 10 Neb. 190.

3. **Jurisdiction.** In this case the fact that the transcript of a judgment in justice court was filed in the office of the clerk of the district court after the judgment had become dormant did not prevent the district court from acquiring jurisdiction of proceedings to revive the judgment.

ERROR to the district court for Clay county: GEORGE W. STUBBS, JUDGE. *Affirmed.*

*J. L. Epperson & Sons,* for plaintiffs in error.

*W. L. Minor* and *John C. Stevens, contra.*

LETTON, C.

This is a proceeding in error to review an order of the district court reviving a judgment of a justice's court

which had been transcribed to the district court for the purpose of becoming a lien upon real estate. It appears that the judgment had become dormant before the transcript was filed in the district court, and it is contended by plaintiffs in error that, since the judgment was dormant before the transcript was filed, the district court never acquired jurisdiction of the proceedings to revive the judgment. They further contend that the order reviving the judgment is not sustained by sufficient evidence. For convenience we will consider these contentions in their inverse order.

1. The proceedings were prosecuted in the district court by the usual method of filing an affidavit, showing the existence of the judgment, the fact that it was unpaid, and that it had become dormant, and praying for an order of revivor. Upon consideration of this affidavit a conditional order of revivor was made by the district court, ordering the judgment to be revived unless sufficient cause was shown by a certain time therein stated. At the time fixed the defendants appeared specially for the purpose of objecting to the jurisdiction of the court, alleging as grounds therefor that the judgment was dormant before the transcript was procured and filed. At the hearing the special appearance was overruled, the defendants refused to plead further, and the conditional order was made absolute. In this state of the record, the allegations of the affidavit being undisputed furnished sufficient evidence to justify the district court in making the order absolute.

2. It is contended by plaintiff in error that, since the judgment was dormant when the transcript was filed, it could in no event become a lien upon real estate, and therefore, since there could be no object in filing the same in the district court, that court never acquired jurisdiction. This argument is more specious than sound. We held in *Creighton & Morgan v. Gorum,* 23 Neb. 502, that the district court had power to revive a judgment of the county court when a transcript had been filed for the purpose of procuring a lien upon real estate. See also *Garrison v.*

*Aultman & Co.,* 20 Neb., 311; *Dennis v. Omaha Nat. Bank,* 19 Neb. 675. In *Snell v. Rue,* 72 Neb. 571, it is said:

"In this state a judgment does not lose its vital force by the expiration of five years after its rendition without the issuance of an execution thereupon. It is not dead, but sleepeth. This court has held that a sale of real estate made upon a dormant judgment cannot be attacked collaterally after confirmation (*Gillespie v. Switzer,* 43 Neb. 772), and that the payment of a dormant judgment cannot be recovered back (*Gerecke v. Campbell,* 24 Neb. 306). In some states, at the expiration of the statutory period, a judgment becomes actually dead and is possessed of no force or potency for any purpose whatsoever, but such is not the case in Nebraska."

The filing of the transcript in no way affected the power and force of the judgment. If an execution had been issued upon this transcribed judgment and levied upon real estate of the defendant, the property sold and the sale confirmed by the district court after due notice to all parties concerned, under the rule of *Gillespie v. Switzer, supra,* the sale could not be attacked collaterally, and the title of the purchaser would be good. The five years' lapse of time from the rendition of the judgment only raises a presumption of payment and does not deprive the judgment of all vitality. So far as the rights of the plaintiffs in error are concerned it could make no difference whether the proceedings to revive were conducted in the district court or in justice court. In either court they might be afforded the opportunity of being heard upon the question of whether or not the judgment was paid. It has long been the practice in this state to allow the revivor proceedings to be conducted in either court, and the fact that the judgment was dormant when transcribed affords no reason for changing the rule.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.